Hubbard v. Gilpin.

GEORGE W. HUBBARD, Appellant, *vs.* JOSEPH B. GILPIN, Respondent.

1. *Military bounty lands—Deeds, loss of—Presumption of, how raised—Copy of record over thirty years old—Admissibility of—Law touching, changed pending appeal—Constr. Stat.*—The loss of deeds executed outside of this State, affecting military bounty lands in Missouri will be presumed, so that secondary evidence of their contents may be admitted, if it appear that search has been made in the proper places and by the proper persons, and that they cannot be found after due diligence has been used in looking for them. Although it might be questionable whether a certified copy of the record—made more than thirty years before—of such a deed was admissible without proof of the execution of the original, under the law in force at the date of the trial below, (see Wagn. Stat., 595, §§ 35, 36) yet being competent under the act of March 22d, 1873, the cause will not be sent back by the Supreme Court, on account of the error in admitting the copy. (See Totten vs. James, 55 Mo., 494.)

2. *Wills—Copies taken from courts of Probate, when admissible.*—Where Probate Courts under special statutes have superseded County Courts in the transaction of probate business, copies of wills taken from the records of the former courts are admissible in evidence, although the general statute of wills still requires the County Court clerk to record them.

3. *Tax deeds—Recitals as to advertisement of sale.*—Where a collector's deed merely recites that the advertisement for sale was made " according to law," the deed is void.

4. *Tax deed—Assessment in name of one having no record or apparent ownership.—Semble,* that an assessment of land under the law of 1855, (R. C. 1855, p. 1330, § 21,) in the name of the original patentee, who was not on the records the real owner, nor in point of fact the apparent owner, was a void assessment, and would invalidate a tax sale made under it.

*Appeal from Carroll Circuit Court.*

*Hale & Eads,* for Appellant.

I. The court committed error in admitting in evidence the copy of the deed from Burrill to Hobly. This deed was made in 1819 and recorded the same year, but was not acknowledged in accordance with the laws of this State. In order to make such a copy admissible, it was necessary that plaintiff prove the loss or destruction of the original, together with law of place where made. (Barton vs. Murrain, 27 Mo., 235.)

II. The copy was not admissible, though the record is over thirty years old. (Crispen vs. Hannavan, 50 Mo., 415.)

III. The court improperly admitted the copies of Hobly's will. The record of Hobly's will and probate in Massachusetts, should have been recorded in the office of the county clerk of Carroll county. (See §§ 25–28, Statute of Wills.)

IV. The court improperly excluded the tax deed of the Carroll county land. The deed from Burrill to Hobly was not acknowledged in accordance with the laws of Missouri. The assessor of Missouri was not bound to know the laws of Massachusetts. Hence, Burrill was the apparent owner, and the land was properly assessed.

*L. H. Waters and Ray & Ray*, for Respondent.

I. The loss of the original deed from Mansfield Burrill to William Hobly was sufficiently proven. (4 Kent, 625; 5 Scam., 64)

II. The certified copy of the record of the deed from Burrill to Hobly is admissible in evidence under § 36, ch. 143, Wagn. Stat., as amended March 22, 1873, (Laws 1873, p. 44, § 1). As the law stood when this cause was tried in the court below, the record offered being of a deed for military bounty land, was not admissible under § 36, ch. 143, Wagn. Stat. (Ryder vs. Fash, 50 Mo., 476; Crispen vs. Hannavan, *Id.*, 415.) But though error may have been committed by the court below on the then state of statutory law, yet, if by subsequent legislation such change has been made in the then existing law, that, if the judgment were reversed, the court below, in virtue of the new statute, would have to give the same judgment, this court will affirm. (Pugh vs. McCormick, 4 Wall., 361.)

III. The collector's deed to the defendant was properly rejected. The sale was for the taxes of 1860, assessed under the law of 1855, which required that the land should be assessed to the person appearing to be the owner at the time of the assessment. (R. S. 1855, p. 1330, § 21; Laws 1859, p. 89, §§ 1–2.) Where the statute requires the assessment to be in the name of the owner, a non-compliance in that respect will vitiate the sale. (Carmichael vs. Aiken, 13 Lou., 205; Yan-

cey vs. Hopkins, 1 Mun., p. 419; Johnson vs. McIntire, 1 Bibb, 295; Merritt vs. Thompson, 13 Ill., 716; Barker vs. Blake, 36 Me., 433; Abbott vs. Lindenbower, 42 Mo., 162; Barker vs. Hesseltine, 27 Me., 354; Moore vs. Brown, 11 How., 414; Farrar vs. Eastman, 1 Fairf., 191; Burchard vs. Hubbard, 11 Ohio, 316.)

IV. The deed fails to recite the notice of sale, and for that reason is void. (Abbot vs. Doling, 49 Mo., 302.)

NAPTON, Judge, delivered the opinion of the court.

This was a suit in ejectment, commenced in 1868, to recover possession of a tract of land in Carroll county.

The title of the plaintiff was deduced from a patent from the United States to one Burrill, dated Feb. 5, 1819; a deed from Burrill to one Hobly, dated Feb. 27, 1819; a conveyance by will from Hobly to his daughter, Sarah W. Hobly; the marriage of Sarah W. to one Gilmore; the death of Gilmore in 1856, and a deed from Mrs. Gilmore to plaintiff in 1858.

The defendant relied for his defense, on a deed from the collector of Carroll county to him for the land in dispute, dated Feb. 29, 1868.

Objections were made in detail to all the documentary evidence offered by plaintiff in support of his title, but these objections were overruled. The court rejected the collector's deed, because the assessment was not against the owner, real or supposed, at the date of the assessment; and thus the judgment of the court was for the plaintiff.

In reviewing the judgment we do not deem it necessary to notice all the objections to the plaintiff's title, since only a few of them are maintained here, and we will only refer to such as are urged in this court.

Objections are made in the brief of the counsel for the appellant, to the admission of the copy of the deed from Burrill to Hobly. This copy was admitted under sections 35, 36, 37 and 38 of the act concerning Conveyances; and the case of Barton vs. Murrain, (27 Mo., 235) is cited to show its inad-

missibility, because of the insufficient proofs of loss. The proof in this case, however, was satisfactory to the judge who tried the case ; and we think was properly so considered. We could not well conceive of any proof which would be more so, in regard to the loss or destruction of the original deed. Search was made by the proper persons and in the proper places, and in this respect, the facts were totally dissimilar to those in Barton vs. Murrain.

In regard to other objections, the act of March 22d, 1873, seems to be a conclusive answer. The deed was more than thirty years old on the records, and therefore, no proof of its execution in conformity to the laws of Massachusetts was required—though such proof was given—and although this act was not passed when the case was tried, yet this court could not reverse a judgment and send a case back to be tried again, when it is apparent that the same judgment already given must be repeated. This was decided in Totten vs. James, (55 Mo., 496); and the same principle, we observe, is maintained by the Supreme Court of the United States, in Pugh vs. McCormick, (14 Wall., 36).

An objection is also made to the admission of the copy of Hobly's will from the records of the Probate Court of Carroll and from the recorder's office. It is insisted that wills, foreign and domestic, must be recorded in the office of the county clerk, in accordance with the provisions of our statute. Where Probate Courts, under special statutes, have superseded County Courts in the transaction of probate business, we presume the intent, and. no doubt express provisions of the statutes so constituting them, transfers to the probate judge and clerk (if any is provided for) all the duties appertaining to this subject. Such has been the practical construction of these laws, although the general statute concerning wills still retains the provisions referred to, requiring the County Court clerk to record them ; and this retention of these general provisions may be accounted for by the fact, that in many counties of this State no Probate Court has been established, and County Courts still exercise probate jurisdiction.

But this will of Hobly was also authenticated under the act of congress, in regard to records of other States. It was probated in Massachusetts, and executed in conformity to our statute of Wills, and had the seal of the court in Massachusetts annexed, and the certificate of the judge that the attestation was in due form.

The rejection of the collector's deed presents no new question, since it recites that the advertisement for sale was made "according to law." (Large vs. Fisher, 49 Mo., 307; Spurlock vs. Allen, *Id.*, 178; Abbott vs. Doling, *Id.*, 302.) This has been held to render it void.

The objection in this case was, that the assessment in 1860, under the law of 1855, was made to the original patentee, Burrill, whilst the law required that it should be assessed to the person appearing to be the owner at the time of the assessment. As the deeds and other papers affecting this land, were on record in Carroll county at the date of this assessment, the assessor, it is maintained, was bound to take notice of these conveyances, and assess the land in the name of the person who appeared to be the owner at the date of the assessment. At all events, the assessor was bound to assess in the name of the apparent or real owner; and in this case the assessment was in the name of the original patentee, who at the date of the assessment was not on the records the real owner, nor in point of fact the apparent owner. But the point is not important in this case, since the defect in the deed above referred to renders it invalid.

The judgment is affirmed; The other judges concur, except Judge Sherwood, who is absent.