SOUTHERN KANSAS RAILWAY COMPANY OF TEXAS v. STATE OF TEXAS.

Decided November 16, 1906.

**Separate Coach Law Construed.**

By the Act of the Twenty-second Legislature, Laws 1891, page 44, railroad companies doing business in this State as common carriers of passengers for hire must provide separate coaches, whether the particular train is actually carrying both white and negro passengers at the time or not. Each separate coach or compartment must bear in some conspicuous place appropriate words, in plain letters, indicating the race for which it is set apart. This statute is not repugnant to the federal organic law.

Appeal from the District Court of Hemphill County. Tried below before Hon. B. M. Baker.

*J. W. Terry* and *Hoover & Taylor,* for appellant.—The statute under which the suit was instituted and recovery sought, being highly penal, the facts alleged as constituting the infraction, must be specifically and certainly averred, and, in order to constitute a sufficient charge under the statute, the petition must allege a state of facts clearly within the provisions of the statute by appropriate averments. General Laws—Act, 1891—p. 44; Rev. Stats. (Sayles'), arts. 4509-11-12-13-15; State v. Williams, 8 Texas, 265; Black v. Calloway, 30 Texas, 236; Houston, E. & W. Ry. Co. v. Campbell, 45 S. W. Rep., 2; Schloss v. A. T. & S. F. Ry. Co., 22 S. W. Rep., 1014.

The separate coach act of 1891 does not apply to interstate trains or to trains engaged in interstate commerce. The plaintiff having al-

leged a state of facts showing that the trains complained of were operated wholly within the State, it was proper for the defendant in its answer to allege the true facts showing that in operating its said trains, it was engaged in interstate commerce, and it was error to strike it out. Act of 1891, p. 44; Chesapeake & O. R. R. Co. v. Kentucky, 179 U. S., 388, and cases there cited.

*Ben H. Kelly* and *Willis & Willis,* for appellee.

SPEER, Associate Justice.—This suit was instituted in the District Court of Hemphill County by the State of Texas through her district attorney against the Southern Kansas Railway Company of Texas, to recover penalties under the statute for its failure to provide its trains with separate coaches for white and negro passengers. The trial resulted in a verdict and judgment in favor of the State for the sum of five hundred dollars.

The questions presented on this appeal depend upon the construction to be given to the statute authorizing recoveries such as had in this case. By Act of the Twenty-second Legislature (1891), page 44, it is provided: "Section 1. That every railroad company, lessee, manager, or receiver thereof, doing business in this State as common carriers of passengers for hire, shall provide separate coaches for the accommodation of white and negro passengers, which separate coaches shall be equal in all points of comfort and convenience. Section 2. That the term *negro* as used herein includes every person of African descent, as defined by the statutes of this State. Section 3. Each compartment of a coach divided by a good and substantial wooden partition with a door therein, shall be deemed a separate coach within the meaning of this Act, and each separate coach shall bear in some conspicuous place appropriate words in plain letters, indicating the race for which it is set apart. Section 4. Any railroad company, lessee, manager, or receiver thereof, which shall fail to provide its trains, carrying passengers, with separate coaches as above provided for, shall be liable for each and every such failure to a penalty not less than one hundred nor more than one thousand dollars, to be recovered by suit in the name of the State in any court of competent jurisdiction. And each trip run with any such train without such separate coaches shall be deemed a separate offense." We think the plain requirement of the statute is that railroad companies doing business in this State as common carriers of passengers for hire, must provide separate coaches, whether the particular train is actually carrying at the time both white and negro passengers, or not. If the train is one "carrying passengers," the company should be deemed to know that negro passengers may at any time demand carriage thereon, and is required to anticipate such a contingency by making preparations therefor. While the object of the Legislature was undoubtedly to provide for the segregation of the races upon passenger trains in this State, yet it clearly sought to reach this end by requiring railroad companies to equip their trains carrying passengers with separate coaches and it is for a failure in this respect that the penalty is imposed. Furthermore, each separate vehicle or compartment of a coach, as provided in section 3, must bear in some conspicuous place

appropriate words in plain letters, indicating the race for which it is set apart. The Act applies only to railroad companies, lessees, managers or receivers, "doing business in this State," and is therefore in no manner repugnant to the Federal organic law. The Louisville, N. O. & T. Ry. Co. v. Mississippi, 133 U. S., 587. Neither would a press of business excuse the railroad company from a compliance with the terms of the statute, since if it chooses to do business in this State, it must do so according to the regulations of law.

When measured by the construction we have here given to the statute, appellee's petition and her evidence amply sustain the recovery herein. These views require us to overrule all of appellant's assignments of error and to affirm the judgment of the District Court.

*Affirmed.*

Writ of error refused.