(No. 18694.—)
JAMES E. McCANN, Defendant in Error, *vs.* THE RETIRE-
MENT BOARD OF THE POLICEMEN'S ANNUITY AND BEN-
EFIT FUND OF THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed June 23, 1928—Rehearing denied October 6, 1928.*

SAMUEL A. ETTELSON, Corporation Counsel, (GEORGE
F. MULLIGAN, ROY S. GASKILL, and CORA B. HIRTZEL, of
counsel,) for plaintiff in error.

DAY & BEILMAN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court by the allowance of the petition of plaintiff in error for a writ of *certiorari* to bring up for review a judgment of the Appellate Court for the First District affirming the judgment of the circuit court of Cook county granting the prayer of the petition of James E. McCann for a writ of *mandamus* against plaintiff in error, the Retirement Board of the Policemen's Annuity and Benefit Fund of the city of Chicago. No issues of fact are in controversy.

James E. McCann, defendant in error, was for more than twenty years prior to October 1, 1923, a member of the police department of the city of Chicago. Through successive promotions he was made captain, and at the time of his resignation, October 31, 1923, his annual salary was $3500. Upon his retirement he applied for and was allowed a pension of $1750 annually, which was fifty per cent of his salary at retirement. The annuity or pension was payable in monthly installments of $145.83. That amount was paid regularly for thirteen months, until November 30, 1924. At that time the retirement board reduced the annuity to $1300 annually, or $108.33 per month.

It is stipulated that the facts set out in the petition for writ of *mandamus,* and the answer thereto, constituted all the facts material to the determination of this case, and, as before stated, they are not disputed. The question raised is the application to this case of the amendment in force July 8, 1927, to the Policemen's Annuity and Benefit Fund act (Laws of 1927, p. 278,) and the construction to be given section 55 of said act.

Certain salary deductions or contributions were made by McCann to the policemen's benefit fund while he was a member of the department, but such deductions or contributions, with interest thereon, would purchase a much smaller annuity when computed in accordance with the

American Experience Table of Mortality as specified in section 28 of the act. We quote sections 12, 27, 28, 31, 37 and 55 of the act, (Laws of 1921, p. 263,) or so much of them as may be pertinent to the decision of this case:

"Sec. 12. The following words and terms as used in this act shall mean as follows, respectively:

" 'Policeman'—Any person appointed and sworn or designated by law as a policeman of such city, and who has served, or is serving, or shall serve in regularly constituted police department of such city as a policeman, or policewoman, or police patrol driver, or police operator, or secretary of such police department, or police dog catcher, or police kennelman, or police matron, and member of the police force of such police department.

" 'Future Entrant'—Any policeman who shall be employed as a policeman of such city for the first time on or after the first day in the month of January of the first year after the year in which this act shall come in force and effect in such city.

" 'Present Employee'—Any policeman who shall be in the employment of such city as a policeman thereof on the thirty-first day in the month of December of the year in which this act shall come in force and effect in such city.

" 'Active Policeman'—Any policeman employed as a policeman by such city.

" 'Salary'—Annual Salary. *Provided,* that two thousand six hundred dollars ($2600) shall be the maximum amount of the annual salary of any policeman which shall be considered for any purpose under this act. Any amount of annual salary in excess of said amount of two thousand six hundred dollars ($2600) which any policeman shall receive shall not be considered for any purpose under this act.

"Sec. 27. * * * (f) When any present employee who shall have attained an age of fifty (50) or more but less than fifty-seven (57) years while in the service and who shall have served ten (10) or more years shall resign or be

discharged from the service, the amount of age and service annuity and the amount of prior service annuity to which any such present employee shall have a right from and after the date of such resignation or discharge from the service, and the amount of widow's annuity and of widow's prior service annuity to which the wife of such present employee shall have a right from and after the date of his death shall be fixed as of their respective ages at the time of such resignation or discharge: *Provided,* that if the wife of any such present employee shall be older than five (5) years the junior of her husband her age for annuity purposes shall be assumed to be five (5) years less than his.

"Sec. 28. Any annuity fixed for or granted to any future entrant or present employee who shall resign or be discharged from the service after he shall have attained an age of fifty (50) years * * * shall be computed according to the American Experience Table of Mortality and interest at the rate of four (4) per cent per annum.

"Sec. 31. * * * (*d*) 1. Any present employee who shall resign or be discharged from the service after he shall have served ten (10) or more years and who at the time of such resignation or discharge shall be fifty (50) or more but less than fifty-seven (57) years of age shall have a right to receive annuity, from and after the date of such resignation or discharge, of such amount as can be provided from the total amount of the following sums to the credit of such present employee on the date of such resignation or discharge.

"2. In the case of any such present employee who shall have served twenty (20) or more years, the entire sum accumulated for age and service annuity purposes and the entire sum credited for prior service annuity purposes.

"Sec. 37. Notwithstanding any other provisions of this act concerning the amount of annuity which any policeman or the widow of any policeman shall have a right to receive, no amount of annuity in excess of an amount equal

to seventy-five (75) per cent of the highest salary considered for annuity purposes in accordance with the provisions of this act shall have been received by the policeman concerned shall be granted or paid to such policeman. * * *

"Sec. 55. Notwithstanding the provisions of any foregoing section or sections of this act, any present employee who shall resign or be discharged from the service on or after the first day in the month of January of the first year after the year in which this act shall come in force and effect in such city, and after he shall have completed twenty (20) or more years of service and for whom the amount of annuity provided in accordance with the foregoing provisions of this act shall be less than the amount stated hereinafter in this section shall have a right to receive annuity as follows:

"Any such present employee who shall be fifty (50) or more years of age at the time of his resignation or discharge from the service shall have a right to receive annuity, from and after the date of such resignation or discharge, of an amount equal to fifty (50) per cent of the salary of such present employee as such salary shall be at the time of his resignation or discharge from the service.

"Any such present employee who shall be less than fifty (50) years of age at the time he shall resign or be discharged from the service shall have a right to receive annuity, from and after the date upon which he shall become fifty (50) years of age, of an amount equal to fifty (50) per cent of the salary of such present employee as such salary shall be at the time of his resignation or discharge from the service but not in excess of the sum of nine hundred ($900) a year."

The principal sections involved are sections 12 and 55. Section 12 defines "policeman," "present employee," "future entrant" and "salary." As the section existed prior to the amendment of 1927 it defined salary, annual salary, *"Provided,* that two thousand six hundred dollars ($2600) shall

be the maximum amount of the annual salary of any police-
man which shall be considered for any purpose under this
act. Any amount of annual salary in excess of said amount
of two thousand six hundred dollars ($2600) which any
policeman shall receive shall not be considered for any pur-
pose under this act." The amendment of 1927 provided
that $3000 shall be the maximum amount of annual salary
which shall be considered for any purpose under the act,
and provided that "no policeman who resigned or was dis-
charged prior to July 1, 1927, and no person to whom any
annuity, pension or disability benefit shall have been granted,
allowed, or ordered prior to July 1, 1927, shall be entitled to
be paid any annuity, pension or disability benefit computed
or based upon any salary in excess of a maximum annual
salary of two thousand six hundred dollars ($2600) it be-
ing the intention that the said maximum amount of three
thousand dollars ($3000) of annual salary shall apply only
to policemen who shall resign, or be discharged on or after
July 1, 1927, or who shall apply for disability benefits on or
after said date, and to the wives or widows of such police-
men." The amendatory act of 1927 does not refer to sec-
tion 55, and that section remains as it was in the act of
1921. It will be seen that section provides that any present
employee who shall be fifty or more years of age at the
time of his resignation or discharge shall receive an an-
nuity thereafter of an amount equal to fifty per cent of the
salary he was drawing at the time of his resignation or dis-
charge from the service. There is a conflict between sec-
tions 12 and 55. Plaintiff in error contends that section 12
controls, and that at the time McCann separated from the
force, October 31, 1923, the maximum annual salary which
could be considered for any purpose under the act was
$2600. Defendant in error contends that section 55 must
govern. That section provides that notwithstanding the
provisions of any foregoing section of the act any present
employee resigning or being discharged after the first day

of the month in January of the year the act went into effect, who had completed twenty years or more of service, the annuity granted should be fifty per cent of the salary such employee was receiving at the time of his resignation or discharge from the service.

This case was tried and decided in the circuit court before the 1927 amendment to section 12 went into effect. The case was pending in the Appellate Court when the amendment was enacted and went into effect but was not decided by that court until November after the amendment became effective, July 1, 1927.

The difference between section 12 of the act of 1921 and that section as amended by the act of 1927 is, that in the 1921 act the maximum salary which could be considered for any purpose under the act was $2600 and under the 1927 amendment it was raised to $3000, but the amendment provided that no policeman who resigned or was discharged prior to July 1, 1927, and no person to whom an annuity pension or disability benefit had been granted prior to July 1, 1927, shall be entitled to be paid any annuity pension or disability benefit computed or based upon any salary in excess of $2600, "it being the intention that the said maximum amount of three thousand dollars ($3000) of annual salary shall apply only to policemen who shall resign, or be discharged on or after July 1, 1927, or who shall apply for disability benefits on or after said date, and to the wives or widows of such policemen." The 1927 amendment is the last utterance of the legislature upon the subject. That body had the power and authority to define terms used in the act. "The legislature may in any act define terms specifically for that act, and such definitions are not prohibited by any constitutional provisions simply because they are not the same definitions of the same terms used in other statutes or provisions of the constitution." (*Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 Ill. 555; 25 R. C. L. p. 1049.) In the ab-

sence of section 55 there would be no contention, we think, that "salary," as defined in section 12 under the act of 1921, meant that $2600 should be the maximum amount which would be considered under the act for any purpose. The amendment of 1927 changed the maximum salary to be considered for any purpose to $3000, but that was not payable to any policeman who resigned or was discharged prior to July 1, 1927, and to whom any annuity or pension shall have been granted or ordered paid. It was expressly enacted the pension or annuity of a policeman who retired prior to July 1, 1927, should be computed on the basis of a $2600 salary; that a $3000 salary, it was expressly stated, should apply only to policemen who resigned or were discharged after July 1, 1927. Prior to the adoption of the act of 1921 there had been other acts upon the same subject, but the act of 1921 was a new and complete act intended to supersede all previous acts. It contains section 12, which provided that $2600 should be the maximum amount of annual salary to be considered for any purpose under the act. It further provided that any salary in excess of $2600 which any policeman received should not be considered for any purpose under the act. Section 55 of the same act provided that notwithstanding the provisions of any foregoing section of the act, an employee fifty or more years old at the time of resignation or discharge shall receive from the date of such resignation or discharge an amount equal to fifty per cent of the salary such employee was receiving at the time of his resignation or discharge from the service. It is rather astonishing that two such inconsistent provisions should be found in the same act, but we do not think we are called upon to reconcile or construe the act as passed in 1921. The amendment of 1927 was, and was intended to be, retroactive, and by it no policeman who resigned or was discharged prior to July 1, 1927, was entitled to be paid an annuity or pension computed or based upon any salary in excess of $2600. The right to a pension is

not a vested right. *People* v. *Retirement Board,* 326 Ill. 579; *Beutel* v. *Foreman,* 288 id. 106; *Pecoy* v. *City of Chicago,* 265 id. 78; *Hughes* v. *Traeger,* 264 id. 612.

At the time the 1921 act was passed the rank and file of the police department received varying salaries amounting to less than $2600 annually. The act intended only to affect members of the police department receiving salaries exceeding $2600 annually. They were limited to the salary limitation prescribed by section 12, and by the amendment of 1927 no employee who resigned or was discharged prior to July 1, 1927, was entitled to be paid an annuity or pension based upon excess of a maximum salary of $2600. As we have stated, the 1927 amendment did not purport to amend section 55 as enacted in 1921. That section is in conflict with section 12 as amended in 1927, which is the last expression of the intention of the legislature upon the subject, and we are of opinion section 12 as amended must control in this case. It is impossible to allow a pension of fifty per cent of the salary that a policeman was drawing at the time of his retirement and also limit the pension to half the maximum salary of either $3000 or $2600. Mc-Cann retired October 31, 1923, and for thirteen months was paid fifty per cent of the salary he was receiving at the time of his retirement. This was reduced by the retirement board, in accordance with section 12, to fifty per cent of a maximum salary of $2600. While the case was pending for decision in the Appellate Court the amendment of 1927 to section 12 became effective, and under it no policeman who had resigned or was discharged prior to July 1, 1927, and to whom a pension had been allowed, was entitled to a pension based on any salary in excess of a maximum annual salary of $2600. It clearly was the intention, in adopting the amendment, to limit policemen who had retired from the force prior to July 1, 1927, to a pension based on a maximum annual salary of $2600. While section 55 provides for a pension equal to one-half of the

officer's salary, "salary" was defined in section 12 not as meaning the actual compensation paid but as meaning an annual salary not in excess of $2600. The amendment of 1927 reiterated the intention of the legislature to limit the pension in cases of this character to fifty per cent of the maximum annual salary of $2600. As the 1927 amendment went into effect before the case was decided by the Appellate Court, it was the duty of that court to make its decision conform to the law as it existed when the case was decided. *Merlo* v. *Johnston City Coal Co.* 258 Ill. 328; *United States* v. *Schooner Peggie,* 1 Cranch, 103.

It is contended by counsel for defendant in error that courts should adopt the practical, contemporaneous construction given to a statute by the department charged with the execution of it. It is true this court has repeatedly held that in doubtful cases courts will adopt the construction placed upon an act by the department charged with its execution. We do not think that rule applies in this case, as there has been no uniform, practical, contemporaneous construction given the statute by the retirement board. In granting the pension originally, in November, 1923, the board appears to have disregarded the definition of "salary" in section 12. After paying the pension as allowed thirteen months the board decided it had acted in error in doing so and reduced the pension to conform with the requirement of section 12. The supposed error was corrected in 1924. There have been two sessions of the legislature since that time, and the only change made in the law as affecting this case was the amendment of 1927 to section 12. We do not think the doctrine of contemporaneous construction applicable to this case. If the intention of the legislature as expressed by it is to be given effect, the retirement board was correct in deciding that under the law defendant in error's pension should be reduced to fifty per cent of a maximum salary of $2600.

The judgments of the Appellate Court and of the circuit court of Cook county are reversed and the cause remanded to the circuit court, with directions to enter judgment in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*