STATE OF MISSOURI at the relation of LLOYD L. GAINES, Appellant, v. S. W. CANADA, Registrar of the University of Missouri, and the CURATORS OF THE UNIVERSITY OF MISSOURI, a Body Corporate.— 131 S. W. (2d) 217.

Court en Banc, August 1, 1939.

*Sidney R. Redmond, Henry D. Espy* and *Charles H. Houston* for appellant.

1240

*Fred L. Williams, Nick T. Cave, William S. Hogsett* and *Ralph E. Murray* for respondents.

LEEDY, J.—This is the second submission of this cause in this court. In our former opinion, it was held, among other things, that in view of the public policy of the State with reference to the separation of the races for the purpose of education, the opportunity offered

appellant (a negro) for a law education in the university of an adjacent state was substantially equal to that offered white students by the University of Missouri, and, therefore, the refusal to admit him as a student in the School of Law of the latter institution, did not deny him equal protection of the laws, in violation of the Fourteenth Amendment to the Federal Constitution. And the judgment of the Boone Circuit Court, which quashed an alternative writ of mandamus and denied a peremptory writ to compel his admission therein was affirmed. [342 Mo. 121, 113 S. W. (2d) 783.] Thereafter relator sued out a writ of certiorari in the Supreme Court of the United States, where, on oral argument and submission, in an opinion by a divided court, our judgment was reversed, and the cause remanded for further proceedings not inconsistent with said opinion. [59 Sup. Ct. 232, 83 L. Ed. 208.]

It is conceded that all questions not decided by the Supreme Court of the United States are left open for decision, and, as thus narrowed, respondents urge only two propositions: (1) The effect of certain State legislation enacted since the rendition of said decision; and (2) a challenge of appellant's right, independently of the new law, to appeal to the discretion of this court to grant mandamus in the premises.

Proceeding, then, to a consideration of the first of these questions, it is appropriate to note that no controversy arises between the parties with respect to the fundamental position of appellant, which is tersely stated in his brief, as follows: "That while he cannot compel the State to offer him legal instruction at any particular school within the State, nevertheless the State cannot bar him solely on account of color from the only existing public law school in the State."

In holding we had erred in denying the Federal question set up by appellant, the opinion of the Supreme Court of the United States, by way of summary, says, "We are of the opinion that the ruling was error, and that petitioner was entitled to be admitted to the law school of the State University *in the absence of other and proper provision for his legal training within the State.*" (Italics ours.) Since that decision, and before the cause was again submitted at the present term, the 60th General Assembly, by enacting House Bill No. 195, with an emergency clause (approved and signed by the Governor on May 4, 1939) amended the Lincoln University Act (Secs. 9616-9624, R. S. 1929, Secs. 9616-9624, Mo. Stat. Ann., pp. 7327-7329), by repealing former Sections 9618 and 9622, and enacting in lieu thereof two new sections, bearing the same numbers, and reading, respectively, as follows:

"Section 9618. The Board of Curators of the Lincoln University shall be authorized and required to reorganize said institution so that it shall afford, to the negro people of the state opportunity for training up to the standard furnished at the State University of

Missouri. To this end the board of curators shall be authorized to purchase necessary additional land, erect necessary additional buildings, to open and establish any new school, department or course in instruction, to provide necessary additional equipment, and to locate the respective units of the university wherever in the State of Missouri in their opinion the various schools will most effectively promote the purposes of this article.

"Section 9622. Pending the full development of the Lincoln University, the Board of Curators shall have the authority, if and when any qualified negro resident so requests, to arrange for his attendance at a college or university in some other state to take any course or to study any subjects provided for at the State University of Missouri, and which are not taught at the Lincoln University, and to pay the reasonable tuition fees for such attendance."

Of this enactment, as well as an appropriation of $200,000 to carry the same into effect, we take judicial notice. The appropriation mentioned is in addition to appropriations for other purposes of $606,000, payable out of general revenue, and $48,500, payable out of the Lincoln University Fund. The $200,000 item, which constitutes Section 3 of House Bill No. 584, reads as follows:

"There is hereby appropriated out of the State Treasury, chargeable to the General Revenue fund, for Lincoln University for the years 1939 and 1940, the sum of Two Hundred Thousand Dollars ($200,000.00) for the use of the Board of Curators of Lincoln University in employing additional teachers and instructors and the purchases of necessary equipment for the purpose of opening new departments so as to comply with the provisions of Section 9618 of the Revised Statutes of Missouri as amended by the Laws of Missouri, 1939."

Since the cause was submitted, we have been furnished with a certified copy of a resolution purporting to show the action taken at a meeting of the Board of Curators of Lincoln University, on June 26, 1939, by which the President was authorized and directed "to proceed immediately to set up a Law School to be opened by September 1, 1939, employing necessary and qualified teachers or instructors and that the setting up of the School shall be in accordance with the cooperation, suggestions and advices of the representatives of the North Central Association of Colleges and Secondary Schools." We are not aware of any rule of procedure under which it would be competent for us to give consideration to the resolution, and none has been suggested. It is wholly extraneous to the record, and must be disregarded.

As the relief here sought can operate only *in futuro*, we recognize as applicable the principal stated in an opinion by Chief Justice MARSHALL in United States v. The Schooner Peggy, 1 Cranch, 103, and quoted approvingly in Simpson v. Stoddard County, 173 Mo.

421, 73 S. W. 700, as follows: "It is, in general, true that the province of an appellate court is only to inquire whether a judgment, when rendered, is erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes, and positively changes the rule which governs, the law must be obeyed, if it is obligatory." [See, also, Totten v. James, 55 Mo. 494; Hubbard v. Gilpin, 57 Mo. 441; Duplex Printing Press Co. v. Deering, 254 U. S. 443; Texas Co. v. Brown, 258 U. S. 466; McCann v. Retirement Board, 331 Ill. 193, 162 N. E. 859.] Respondents urge that Section 9618, supra, as amended, makes proper provision for relator's legal training within the borders of the State, and affords him an opportunity for such instruction equal to that available to whites at the University of Missouri; and that, by invoking the rule of law presuming right acting on the part of officers charged with a mandatory duty under a statute (i. e., the Curators of Lincoln will perform their legal duty to establish a School of Law equal to the one in the University of Missouri) appellant's constitutional rights will have been satisfied, and, therefore, the writ should be denied. Although expressly conceding that the new act "eliminates the discretion left to the curators and places on the curators an unconditional obligation to open new schools and new departments," appellant says, "But assuming, for the purposes of argument only that the curators did create some sort of a law school by September, 1939, this court could not determine by judicial notice whether such law school satisfied the constitutional requirement of equal protection of the laws. That would be a matter of evidence to be presented to and weighed first in the trial court." In this we think appellant correct.

The Supreme Court of the United States said of former section 9618: ". . . it appears that the policy of establishing a law school at Lincoln University has not yet ripened into an actual establishment, and it cannot be said that a mere declaration of purpose, still unfulfilled, is enough."

We are unwilling to undertake to determine the constitutional adequacy of the provision now made for relator's legal education within the borders of the State by the expedient of coupling judicial notice with a presumption of law. Orderly procedure requires that the question be submitted to, and determined by the trial court in the first instance. If the facilities at Lincoln University, to be available at the commencement of the next school term, which is in September, are in fact substantially equivalent to those afforded at Missouri University, the writ should be denied; otherwise it must issue, as a denial under those circumstances would amount to an arbitrary exercise of discretion. The judgment is, accordingly, reversed, and the cause remained for further proceedings in conformity with the views herein expressed.

All concur, except *Hays*, *J.*, absent.