## HOUSING AUTHORITY OF CITY OF DALLAS v. HIGGINBOTHAM et al.

### No. 12951.

Court of Civil Appeals of Texas. Dallas.

July 20, 1940.

H. P. Kucera, City Atty., and Scurry & Scurry, all of Dallas, for appellant.

Joe A. Worsham, Allen Wight, E. A. Belsterling, and Irion Worsham, all of Dallas, for appellees.

Samuels, Foster, Brown & McGee, of Fort Worth, amici curiæ.

YOUNG, Justice.

After submission of this cause, it was deemed expedient to certify to the Supreme Court certain questions of law therein presented. Our highest tribunal has answered such inquiries by opinion and judgment, of date June 26, 1940, 143 S.W.2d 79 (not yet reported [in state report]) which decree is now final. The questions so certified appear in Judge Slatton's discussion of the case, and need not be restated. In substance, the Supreme Court has concluded—and it is properly our conclusion: (1) That the Texas Housing Authorities Law, Vernon's Ann. Civ.St., Art. 1269k, is valid, and is not violative of the constitutional provisions which have been urged against it; (2) that the use for which appellant Housing Authority seeks to acquire the property in question through the condemnation proceedings herein constitutes a public use, within the meaning of Art. 1, Sec. 17, of the Constitution, Vernon's Ann.St.; (3) that the determination by the Housing Authority of the necessity for the taking of plaintiffs' lands, acting within the scope of the Housing Act, and particularly Sec. 12, is conclusive upon the courts; and (4) that appellant's condemnation petition is sufficient, though not alleging that the properties sought to be condemned were located within a slum area, or that such properties were being condemned for the purpose of clearing, replanning, and reconstructing an area in which insanitary or unsafe housing conditions exist.

In consequence of the foregoing, it would also follow that the allegations of appellant's said petition were sufficient to invoke the jurisdiction of the County Court at Law as a proceeding in condemnation. Art. 3264, R.S., Vernon's Ann. Civ.St. art. 3264.

Appellees' remaining objections to the legal measures instituted by the Housing Authority should be noted. They contend, in effect, that the restriction of the project in question to colored families constitutes an unwarranted discrimination against other members of the public. Aside from the anomaly presented in the point being raised by Higginbotham and associates as a matter of equity, the evidence discloses the construction and operation by appellant, in the City of Dallas, of similar dwelling units available to white persons of low income. Where substantially equal facilities are to be furnished all members of the public coming within the classification of the act, no constitutional rights are infringed. State ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; Id., 344 Mo. 1238, 131 S.W.2d 217; Southern Kansas Ry. Co. v. State, 44 Tex.Civ.App. 218, 99 S.W. 166.

■ Finally, it is now evident that the Dallas Housing.Authority has, at all times, been proceeding under a valid law, relative to the subject matter here involved; and the requisite steps having been taken by appellant in the County Court of Dallas County at Law No. 2 for the condemnation of the properties in question, prior to the filing of the suit for injunction, said County Court acquired sole jurisdiction and was the tribunal competent to hear and determine all questions sought to be litigated in the application for injunction. Because of this, the district court was without power to entertain the instant suit. The trial court's action under review is therefore reversed, and judgment is here rendered for appellant, dissolving the injunction.

Reversed and rendered.