LUHNING et ux. v. SCOTT et al.
(No. 7511.)

(Court of Civil Appeals of Texas. Galveston.
Feb. 11, 1918.)

1. COURTS ⚖169(1)—JURISDICTION OF COUN-
TY COURT TO ISSUE WRIT.

The county court has no jurisdiction to issue
writ of injunction except where the amount in
controversy exceeds $200, and does not exceed
$1,000, in value, exclusive of interest.

2. COURTS ⚖247(11) — JURISDICTION OF
COURT OF CIVIL APPEALS—LACK OF JURIS-
DICTION IN COUNTY COURT.

Where it appears from the face of the peti-
tion for injunction in the county court that such
court had no jurisdiction over the subject-matter
of the suit, the Court of Civil Appeals has no
jurisdiction over the appeal from the judgment
rendered by the county court.

Appeal from Galveston County Court;
Geo. E. Mann, Judge.

Suit by F. B. Luhning and wife against J.
S. Scott and another. From decree for de-
fendants, plaintiffs appeal. Appeal dismiss-
ed for want of jurisdiction.

Aubrey Fuller, of Galveston, for appel-
lants.

LANE, J. This appeal is from an order of
Hon. George E. Mann, judge of the county
court of Galveston county, refusing to grant
an injunction restraining appellees, J. S.
Scott and G. E. Symms, justice of the peace
and constable, respectively, from collecting
certain judgments rendered in justice court
of precinct No. 6 for Galveston county in
favor of four parties not parties to this cause,
and to require defendants to release a certain
garnishment served upon the Dickinson State
Bank.

The petition for injunction was filed by ap-
pellants, and alleged that J. S. Scott and G.
E. Symms, appellees, were justice of the
peace and constable, respectively, of pre-
cinct No. 6 of Galveston county; that one
Hymond York filed suit in said justice
court upon an account for wages for the sum
of $15.80; that I. Flannell and C. C. Lewis
filed suit in said court upon an account for
wages for the sum of $15.75; that Sid Phil-
lips and H. Howard, Jr., filed suit in said
court upon an account for wages for the sum
of $17.50, and that H. Howard filed suit in
said court upon an account for wages for the
sum of $14.00; that all of said suits were
against appellant F. B. Luhning, and were all
pending in said court at the same time; that
the services for which the several plaintiffs
sued were rendered for Buck Harvey & Co.,
and that appellant F. B. Luhning had agreed
to advance to Buck Harvey & Co. sufficient
funds to pay said laborers for operating cer-
tain hay machinery sold by Luhning to Buck
Harvey & Co. for two weeks; that Luhning
had never contracted to pay said claims;
that all of said demands grew out of the
same contract or transaction; that when the
first of said suits was called for trial plain-

tiff Luhning moved the court to consolidate
all of said suits; that said J. S. Scott, just-
ice of the peace, refused to consolidate said
suits, and without hearing evidence in sup-
port of the several causes of action rendered
several judgments for the amounts sued for,
each of which was for a sum less than $20,
and therefore could not be appealed from.

Upon hearing of the petition for injunc-
tion the judge of the county court rendered
the following judgment:

"Be it remembered that on the 9th day of
April, 1917, the above numbered and entitled
cause came on to be heard, and the plaintiffs ap-
pearing in person and by attorneys, and the de-
fendants or either of them having failed to ap-
pear, either in person or by attorney, and having
failed to file an answer to the petition of plain-
tiffs, and plaintiffs having announced ready for
trial, and the court after hearing the evidence
and argument of counsel is of the opinion that
the law and the facts are in favor of the de-
fendants, and the court having filed findings of
fact and conclusions of law, it is therefore or-
dered, adjudged, and decreed that the application
for injunction in all things be refused. To which
order, judgment, and decree plaintiffs in open
court duly excepted, and gave notice of appeal
to the First Supreme Judicial District of Texas,
at Galveston, Tex. .

"It is further ordered that execution issue for
the use of the officers of court against each
party hereto for the costs by it or them respec-
tively incurred. G. E. Mann, Judge."

The conclusions of law filed by the trial
court were as follows:

"The justice of the peace was not required by
law to consolidate said cases for the reason that
there were several different plaintiffs claiming
for different amounts against defendants.

"That the county court is without authority
of law to enjoin the collection of a judgment
rendered by a justice of the peace where the
judgment is not void upon its face."

The appellants assign the action of the
county judge in refusing to grant the injunc-
tion prayed for as error.

[1, 2] The county court has no jurisdic-
tion to issue a writ of injunction except
where the amount in controversy exceeds
$200, and does not exceed $1,000, in value,
exclusive of interest. Therefore, as it ap-
pears from the face of the petition for in-
junction in this cause that the trial court had
no jurisdiction over the subject-matter of the
suit, this court has no jurisdiction over the
appeal from the judgment there rendered.

In the case of De Witt County v. Wisch-
kemper, 95 Tex. 435, 67 S. W. 882, the court
said:

"By section 16, art. 5, of the Constitution of
this state, the jurisdiction of county courts is
thus defined: 'They shall have exclusive jurisdic-
tion in all civil cases when the matter in con-
troversy shall exceed in value $200.00 and not
exceed $500.00, exclusive of interest, and con-
current jurisdiction with the district court when
the matter in controversy shall exceed $500.00
and not exceed $1,000.00, exclusive of interest;
* * * and the county court or judge thereof
shall have power to issue writs of injunction,
mandamus, and all writs necessary to the en-
forcement of the jurisdiction of said court.' In
the cases of Dean v. State, 88 Tex. 296 [30 S
W. 1047, 31 S. W. 185], and Johnson v. Hans-

com, 90 Tex. 321 [37 S. W. 601, 38 S. W. 761], this court held that the power of the county court to issue writs of mandamus under the section of the Constitution above quoted was limited to cases exceeding $200 and not exceeding $1,000. The same rule is applicable to writs of injunction, which can only be issued by the county courts where the matter in controversy exceeds $200, and does not exceed $1,000, in value. In this case no value of the subject of the suit is alleged; therefore the application for the writ of injunction does not bring the case within the terms of the Constitution, and the county court had no jurisdiction to issue the writ of injunction upon the facts stated. The plea in reconvention cannot aid the petition on the question of jurisdiction to grant the writ."

The appeal is dismissed for want of jurisdiction to hear and determine the same.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes