**SPECIALTY SERVICE CORPORATION v. ARMSTRONG. (No. 2874.)**

Court of Civil Appeals of Texas. Amarillo. June 8, 1927.

Rehearing Denied June 22, 1927.

**1. Courts ⬥169(1)—County court is without jurisdiction to enjoin enforcement of justice court judgment for less than $200.**

The county court has no jurisdiction to enjoin enforcement of a justice court judgment which is for less than $200.

**2. Justices of the peace ⬥128(2) — Plaintiff seeking to enjoin justice court judgment had adequate remedy at law by transfer of case to county court (Rev. St. 1925, art. 946).**

Where injunction against levy of execution on a judgment of the justice court was granted May 13, 1927, since judgment was rendered March 14, plaintiff had adequate remedy at law under Rev. St. 1925, art. 946, to transfer his case to the county court for review.

Appeal from Lubbock County Court; Charles Nordyke, Judge.

Action by T. E. Armstrong against the Specialty Service Corporation and another. Judgment for plaintiff, and named defendant appeals. Reversed, and cause dismissed.

C. Huggins, of Sherman, for appellant.
Howard & Burks, of Lubbock, for appellee.

HALL, C. J. The appellee, Armstrong, residing in Lubbock county, filed his application with the county judge of said county, praying for an injunction against the sheriff of Lubbock county and the Specialty Service Corporation. The substance of the application is that the appellant filed suit in the Justice court of Grayson county against E. N. Bowley, to recover upon a claim for $25 and $15 attorneys' fees; that the appellee was made a party to said suit, and that no process was ever served upon him; that he filed his plea of privilege in said court, which was overruled by the justice of the peace, and judgment rendered against him on March 14, 1927. The injunction was granted by the fiat of the county judge in chambers on the 13th day of May, 1927, and bond filed and writ duly issued. The plaintiff alleges that the sheriff is about to levy the execution upon his property, and he prays for an injunction restraining such levy and from the issuance of any other executions.

[1] It will be observed that the amount of the judgment and the execution sought to be restrained is less than $200. It is well settled in Texas that the county court has no jurisdiction to enjoin the enforcement of a justice court judgment, which is for less than $200. De Witt Co. v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Lyons Bros. Co. v. Corley (Tex. Civ. App.) 135 S. W. 603; Mebane Cotton Breeding Association v. Sides (Tex. Civ. App.) 257 S. W. 302; Luhning v. Scott et al. (Tex. Civ. App.) 201 S. W. 663.

[2] The appellee does not show that he ever appealed or attempted to transfer his case from the justice court to the county court, by certiorari.

The judgment having been rendered on March 14, 1927, he would have until June 12th, in which to transfer his case to the county court of Grayson county for review. R. S. art. 946. He therefore has an adequate remedy at law.

For the reasons stated, the judgment granting the temporary injunction is reversed, and the cause is dismissed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes