### CHAMBERLAIN MEDICINE CO., Inc., v. SPOONTS. (No. 7162.)

Court of Civil Appeals of Texas. Austin.
July 6, 1927.

1. Courts ⟨key⟩472(7)—Justice courts are not subject to county courts' general jurisdiction.

County courts have no general jurisdiction over justice courts.

2. Justices of the peace ⟨key⟩128(1)—Enforcing justice court's judgments or executions may not be enjoined by county court, except on affirmative showing that amount involved is within its jurisdiction.

County courts may not enjoin enforcement of justice court judgments or executions in aid thereof, except on affirmative showing that amount involved is within county court's jurisdiction.

3. Justices of the peace ⟨key⟩128(3)—General allegation that justice court's judgment was invalid held insufficient for granting injunction, in view of petitions' contrary showing.

Petitions to county court for injunction against enforcement of justice court's judgment for $28.35 and costs, of which $12.75 was alleged to be based on open account and the balance attorney's fees, held to show that justice court had general jurisdiction over subject-matter and that judgment was within amount of its jurisdiction, rendering general allegation that judgment was invalid and void insufficient for granting injunction.

4. Justices of the peace ⟨key⟩60—Question of want of jurisdiction of justice of peace over defendant held waived by failure to raise question in justice court.

Failure of defendant in justice court to assert lack of jurisdiction of court over his person held to waive such question, preventing its being ground for county court's enjoining enforcement of justice court's judgment.

5. Justices of the peace ⟨key⟩128(1)—Even if justice court's judgment was partly unauthorized defendant cannot enjoin its enforcement without tendering amount as to which it was valid.

Where judgment of justice court was within amount of court's jurisdiction and was founded partly on open account, even if it was partly based on unauthorized attorney's fees, as claimed, it was not thereby invalidated as to open account, nor would an execution thereunder or sale thereon be rendered void, and defendant was not entitled to enjoin sale under execution without tendering amount as to which judgment was valid.

Appeal from Coke County Court; W. H. Bell, Judge.

Suit by O. D. Spoonts against the Chamberlain Medicine Company, Inc., for an injunction. From an interlocutory order temporarily enjoining enforcement of a justice court judgment and sale under execution based thereon, defendant appeals. Order set aside, and temporary injunction dissolved.

C. Huggins, of Sherman, for appellant.

McCLENDON, C. J. Appeal from an interlocutory order of the county judge of Coke county, entered in chambers, temporarily enjoining the enforcement of a judgment of a justice court, precinct No. 1, of Grayson county, and sale by the sheriff of Coke county of three mules levied upon under execution to satisfy the judgment.

The temporary injunction was issued upon the verified allegations of plaintiff's petition.

On January 12, 1927, the county judge entered an order granting a temporary injunction upon a petition filed January 7, 1927. The order was conditioned upon giving bond, which does not appear to have been filed until May 23, 1927, when another petition was filed and another order entered granting the injunction as prayed for. The writ was issued the same day.

It appears from both petitions that a judgment was rendered on Novemer 29, 1926, by the justice court, precinct No. 1, of Grayson county, in favor of the appellant, medicine company, against appellee, Spoonts, for the sum of $28.35, besides costs, of which amount $12.75 was alleged to be based upon open account and the balance attorney's fees. In the first petition the justice rendering the judgment and the sheriff of Coke county alone were made parties defendant. In the second petition, appellant was added as a party defendant. The second petition, in addition to alleging that the sheriff had levied upon three mules, value not stated, and had advertised them for sale, made the following allegation, which is all the petition alleges as grounds for the injunction:

"Plaintiff further alleges that said amount sued for was not due the plaintiff in the said suit in Grayson county, Tex.; that said amount recovered as attorney's fees was an item unwarranted by the laws of Texas; and that the said judgment is invalid and null and void under the laws of Texas."

The original petition additionally alleges that Spoonts was a resident citizen of Coke

county at the time suit was filed and the judgment was rendered against him, and that none of the statutory exceptions existed authorizing suit out of the county of his residence.

It is manifest that the showing made by the two petitions is insufficient either to sustain the jurisdiction of the county court or judge to enter the order, or to warrant the order if jurisdiction otherwise appeared, for reasons following:

[1, 2] County courts have no general jurisdiction over justice courts, and no power to enjoin the enforcement of justice court judgments or executions in aid thereof, unless it is affirmatively shown that the amount involved is within the jurisdiction of the county court. De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Jennings v. Shiner (Tex. Civ. App.) 43 S. W. 276 (writ denied); Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086; Luhning v. Scott (Tex. Civ. App.) 201 S. W. 663; Mebane v. Sides (Tex. Civ. App.) 257 S. W. 302.

[3, 4] Neither petition shows that the justice court judgment was void. There is a general allegation that the judgment is invalid and void, but that is clearly not sufficient. Pye v. Wyatt, above. The petitions affirmatively show that the court had general jurisdiction over the subject-matter, judgment being within the amount of the justice court's jurisdiction, and there is no intimation that any other amount than that recovered in the judgment was involved. The allegation in the first petition with reference to the residence of Spoonts and consequent want of jurisdiction over his person cannot be considered. This was a privilege which Spoonts must assert in the justice court; otherwise he waived it. Whether he urged it is not shown.

[5] The allegation that $15 of the recovery was for unauthorized attorney's fees, if held sufficient to negative right of recovery thereon, would not invalidate the recovery upon open account, nor would it render void an execution under the judgment or a sale under such execution. See Simmons v. Arnim, 110 Tex. 309, 220 S. W. 66, and cases there cited. If as a matter of fact the attorney's fees are not recoverable and the judgment void to that extent, defendant no doubt is entitled to equitable relief protecting his rights if sought in a proper form. But he is certainly not entitled to enjoin a sale under the execution merely because a portion of the judgment sought to be enforced is void, without tendering the amount of the judgment to the extent that it is valid and enforceable.

Because neither (1) jurisdiction, nor (2) any right to injunctive relief is shown by the record, the order appealed from is set aside and the temporary injunction dissolved.

Order appealed from set aside, and temporary injunction dissolved.