## U. O. COLSON CO. v. POWELL. (No. 7334.)

Court of Civil Appeals of Texas. Austin.
Jan. 16, 1929.

C. Huggins, of Sherman, and Geo. S. Dowell, of Austin, for appellant.

BLAIR, J. This appeal is from an interlocutory order of the county judge of Travis county, entered in chambers, temporarily enjoining the enforcement of a judgment in favor of appellant against appellee for $73.33 and costs, rendered by justice court; precinct No. 1, Grayson county, and sale, by the constable of precinct No. 3 of Travis county, of appellee's property levied upon under execution to satisfy the judgment. The order appealed from must be set aside, and the temporary injunction dissolved, for the following reasons:

1. A county court has no jurisdiction to enjoin the enforcement of a justice court judgment which is for less than $200. Or, as held by this court in Chamberlain Medicine Co. v. Spoonts, 296 S. W. 992: "County courts have no general jurisdiction over justice courts, and no power to enjoin the enforcement of justice court judgments or executions in aid thereof, unless it is affirmatively shown that the amount involved is within the jurisdiction of the county court. De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Jennings v. Shiner (Tex. Civ. App.) 43 S. W. 276 (writ denied); Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086; Luhning v. Scott (Tex. Civ. App.) 201 S. W. 663; Mebane v. Sides (Tex. Civ. App.) 257 S. W. 302."

2. The court granted the injunction upon the ground that appellant is a foreign corporation without a permit to do business in Texas, or to maintain the suit in which the judgment enjoined was rendered. The defense was not pleaded in that suit, nor does appellee allege any fact, or make any proof, in this case which would excuse him for failure to interpose such defense in that suit. The defense is one that must be specifically pleaded, and may be waived by not pleading it. The law is settled that one seeking relief from a judgment rendered by a court of competent jurisdiction must show a meritorious defense, and that he was prevented from presenting such defense at the trial through fraud, accident, or mistake, and without negligence on his part. Corcanges v. Childress (Tex. Civ. App.) 264 S. W. 175; Beer et al. v. Landman, 88 Tex. 450, 31 S. W. 805; Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565; Toombs Sash & Door Co. v. Jamison (Tex. Civ. App.) 271 S. W. 253; Slayden-Kirksey Woolen Mill v. Robinson (Tex. Civ. App.) 143 S. W. 294; Blackwell-Wielandy Book & Stationery Co. v. Perry (Tex. Civ. App.) 174 S. W. 935; Bray v. First Nat. Bank (Tex. Civ. App.) 10 S.W.(2d) 235; Bryan v. Jacoby et al. (Tex. Civ. App.) 11 S.W.(2d) 373.

3. The record shows that appellee did not appeal from the judgment enjoined, and offers no excuse for failure to do so in this cause, and, having failed to prosecute his adequate remedy at law, he is not entitled to the injunctive relief granted. Galveston, H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Texas-Mexican Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200; Sherman Steam-Laundry Co. v. Carter, 24 Tex.

Civ. App. 533, 60 S. W. 329; Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S. W. 1027.

The order appealed from is set aside, and the temporary injunction is dissolved.

Order set aside; temporary injunction dissolved.