## CAVERS et al. v. SIOUX OIL & REFINING CO. et al.

### Motion Nos. 9682, 9683; No. 1446—5674.

Commission of Appeals of Texas, Section A.

Dec. 9, 1931.

For original opinion, see 39 S.W.(2d) 862.

Bonner, Bonner & Childress, Virgil Childress, Gerald L. Coffey, and Wm. N. Bonner, all of Wichita Falls, and Lyndsay D. Hawkins, of Breckenridge, for plaintiff in error Banner Oil Corporation.

H. R. Wilson, of Fort Worth, for Victor Jeep and others.

Carrigan, Britain, King & Searles, of Wichita Falls, for J. A. Cavers and others.

Fitzgerald & Hatchitt, of Wichita Falls, for Humble Oil & Refining Co.

SHARP, J.

In passing upon the motions for rehearing of J. A. Cavers, Victor Jeeps et al., plaintiffs in error, complaining of the original opinion rendered herein, and reported in 39 S.W.(2d) 862, we desire to supplement the statement of facts of the case-made in the original opinion more fully, as follows:

On December 11, 1925, in cause No. 17285c, Cavers, as sole plaintiff, filed a suit in the district court of Wichita county against the Sioux Oil & Refining Company, W. C. Kirkpatrick, Geo. O. Siels, A. V. Tayler, J. L. Timmons, F. W. Woods, and Thos. W. Arter, to recover on a note for $5,500, executed by Sioux Oil & Refining Company, as principal, and the other defendants above mentioned as indorsers thereon, alleging that the note was dated December 14, 1921, and further sought to recover a foreclosure of the deed of trust lien on an undivided interest in an oil and gas lease on 52 acres of land situated in Stephens county. The prayer to that petition reads as follows: "Wherefore, plaintiff prays that citation be issued as the law directs, and that he have judgment for his debt, interest, costs of suit, foreclosure of his lien, and for general relief."

By reason of a judgment of foreclosure entered in the district court of Stephens county on June 16, 1924, in cause No. 4655, entitled National City Bank et al. v. Sioux Oil & Refining Company, the property in question was sold at sheriff's sale and finally, on September 30, 1924, Banner Oil Corporation became the purchaser and owner thereof.

Banner Oil Corporation, on August 16, 1926, in cause No. 7239 in the district court of Stephens county, filed suit against Kloke Investment Company to quiet title to the oil and gas leasehold in question. In that case, the Kloke Investment Company filed its amended answer and alleged that the Sioux Oil & Refining Company had executed its notes to various persons, including Kloke Investment Company, Cavers, and others, and that suits had been instituted and were then pending in the district court of Wichita county for the foreclosure of their liens. It was also alleged that the Kloke Investment Company is only a trustee, and that the title held by the Kloke Investment Company is only that of a naked trustee. In the prayer, it is stated as follows: "That this defendant is only trustee in the various instruments giving said parties a lien upon the property described in plaintiff's petition and only acts as such; that this suit cannot be maintained for the reason that the plaintiff had notice and knowledge of the fact * * * And for these reasons plaintiff should not have and maintain suit against defendants and of this it stands ready to verify."

This answer filed in cause No. 7239 was not sworn to nor does the answer by general or special exception raise the question that the district court of Stephens county did not have jurisdiction, nor was there a plea in bar or

in abatement filed, questioning the jurisdiction of the district court of Stephens county to dispose of the matters involved in that suit, nor any of the pleadings involved in cause No. 17825c attached thereto.

The case in Stephens county was tried upon its merits, and a judgment dated January 27, 1927, was rendered in that cause, giving full relief to the Banner Oil Corporation as prayed for therein. From this judgment, no appeal was ever perfected, and it became final and conclusive as between the parties thereto.

Let us return to cause No. 17825c, pending in the district court of Wichita county. Cavers filed his suit December 11, 1925, only against the Sioux Oil & Refining Company as principal, and Kirkpatrick and others as indorsers. Neither the Banner Oil Corporation nor the Humble Pipe Line Company were made parties at that time to that suit. Subsequent to this time, on October 30, 1926, nine individuals filed certain pleas of intervention for the first time, and the Banner Oil Corporation was made a party thereto. On August 16, 1926, prior to these interventions, Banner Oil Corporation had filed and procured service in cause No. 7239 in the district court of Stephens county. On September 1, 1926, Kloke Investment Company answered in that suit through its attorneys. The record shows that these were the same attorneys who represented the interveners in the district court of Wichita county. On January 4, 1927, Banner Oil Corporation filed in the Cavers suit in Wichita county its plea in abatement, setting up the pendency of the suit in Stephens county, and asking that the Wichita county suit be stayed pending the disposition of the Stephens county suit theretofore filed. In the plea in abatement so filed prior to the trial of the case in Stephens county, it was alleged, among other things, that the Banner Oil Corporation had filed its suit in Stephens county, "whereby and wherein the validity of said mortgage (under which these interveners claim) 'is drawn into question in said prior suit in Stephens County, Texas, and all the issues will be determined therein, when said Kloke Investment Company had no pecuniary interest in this suit or that suit, and these interveners and others similarly situated are the sole beneficiaries therein and these interveners and Kloke Investment Company have employed attorneys (naming them) and all the rights of these interveners may be and should be set up in said 90th district court of Stephens County, Texas, which was first filed, and in any event this suit should be abated, stayed, and dismissed pending the determining of the issues of said prior suit, which, together with lis pendens there filed is here pleaded, and the judgment there will be res adjudicata here." This plea was sworn to.

As shown by the record, on December 13, 1926, the attorneys for the Banner Oil Corporation wrote to the attorneys in causes No. 7239 and 17825c with reference to the postponement of the trial of the case pending in Wichita county until the case pending in the district court of Stephens county could be tried, and used the following language: "provided it is to be understood between us that said Wichita County case is not to be tried, and no client represented therein by Judge Bonner shall be required to file an answer therein until this Stephens County case shall have been disposed of in the trial court." This suggestion contained in the letter was agreed to. Soon thereafter, on January 27, 1927, the cause was tried in Stephens county, resulting in the judgment already referred to. Up to this time Cavers, who originally instituted the suit in Wichita county, had never sued Banner Oil Corporation, but by amended petition filed March 28, 1927, Cavers sued the Banner Oil Corporation and the interveners, and likewise impleaded Humble Pipe Line Company and Kloke Investment Company, at the same time omitting from his suit W. C. Kirkpatrick et al., indorsers on his note, who were originally made defendants. At the ensuing term, April 4, 1927, Banner Oil Corporation answered, setting up its plea in bar and of res adjudicata, attaching as an exhibit the judgment dated January 27, 1927, rendered in the district court of Stephens county. The plea in bar, filed after the judgment was rendered in Stephens county, was incorporated in an amendment to the plea in abatement filed before said judgment was rendered.

It is to be noted that cause No. 7239 was tried upon its merits, and a final judgment entered therein. It should also be borne in mind that the trial court in cause No. 17825c, pending in Wichita county, Tex., heard the testimony touching the pleas in bar and in abatement and the merits of the case and rendered judgment therein, from which this appeal is made.

█ If it could be said, that by reason of the pleadings filed in cause No. 17825c in the district court of Wichita county, that court acquired prior jurisdiction of the parties and matters involved in cause No. 7239, pending in the district court of Stephens county, yet, in view of the record, we think the trial court in cause No. 17825c correctly held that the judgment rendered in cause No. 7239 was an adjudication of the matters involved therein, and constituted res adjudicata of the same matters involved in cause No. 17825c, and, in our judgment, the rule announced in the following cases would control. Cook v. Burnley, 45 Tex. 97; Blassingame v. Cattlemen's Trust Co. (Tex. Civ. App.) 174 S. W. 900; Cattlemen's Trust Co. v. Blasingame (Tex. Civ. App.) 184 S. W. 574; McCoy v. Bankers' Trust Co. (Tex. Civ. App.) 200 S. W. 1138; Cleveland et al. v. Ward et al., 116 Tex. 1,

**580**

285 S. W. 1063, 1071. See, also, 1 Ruling Case Law, pp. 19, 20.

■ Chief Justice Cureton, in the case of Cleveland v. Ward, supra, after an exhaustive review of the authorities bearing upon this subject, correctly and concisely stated the rule to be in the following language: "What has been said is not in conflict with the doctrine of various cases that the pendency of a suit in another jurisdiction must be seasonably pleaded in abatement, that the plea may be waived, and that final judgment by default, or, in the absence of pleading and proof of the pendency of a prior suit will be sustained."

We have carefully considered the motions for rehearing, and recommend that the same be overruled.