## AMERICAN MORTGAGE CORPORATION v. THAMES.

### No. 4091.

Court of Civil Appeals of Texas. Amarillo.

Nov. 1, 1933.

Rehearing Denied Dec. 13, 1933.

Joiner & Cook, of Plainview, for appellant.

M. J. Baird, of Plainview, for appellee.

HALL, Chief Justice.

May 16, 1932, appellee, Thames, sued the appellant in the county court of Hale county to cancel certain notes which he had executed to appellant, charging that the notes were usurious. During the pendency of that suit, the appellant corporation sued Thames in the justice court of Dallas county to recover upon the notes and foreclose a chattel mortgage covering an automobile which was given to secure the payment of the notes. The appellee filed his plea in the justice court at Dallas, seeking to abate that action upon the ground that the Hale county suit had been previously filed involving the same matters between the same parties and was still pending. The justice court in Dallas county took the matter under advisement, and twelve days thereafter overruled the plea in abatement, and, in the absence of appellee, the case was tried and judgment rendered against him in the sum of $99.86. Later execution was issued upon the judgment in Dallas county, sent to Hale county, and on January 17, 1933, the constable levied upon the automobile in question, and on the 26th day of January, 1933, the appellee presented his petition for injunction to the county judge of Hale county, praying that the constable be enjoined from selling said automobile. Temporary injunction was granted, and a trial upon the merits was had on the 18th day of March, 1933, and the temporary injunction was made permanent. From that order this appeal is prosecuted.

 The court erred in granting the injunction. It is settled law that the county court is without jurisdiction to enjoin the enforcement of a judgment rendered by a justice of the peace in a sum less than $200, and it is fundamental error for the county court to issue the writ. Specialty Service Corp. v. Armstrong (Tex. Civ. App.) 296 S. W. 958; U. O. Colson Co. v. Powell (Tex. Civ. App.) 13 S.W.(2d) 405.

The judgment is reversed, and the injunction is dissolved. The cause is dismissed.

### On Motion for Rehearing.

 As stated in the original opinion, the suit filed by appellant against Thames in the justice court of Dallas county was subsequent to the institution of this suit in the county court of Hale county. The appellee filed his plea of privilege in the justice court of Dallas county seeking to abate that action upon the ground that the Hale county suit had been previously instituted. The justice court in Dallas county overruled the plea in abatement and rendered judgment against appellee. A fact which is not stated in the original opinion is that no effort was made by appellee to take the case to the county court either by appeal or certiorari. The justice court had jurisdiction of the matters involved, and the judgment there rendered is final and conclusive of the matters in litigation. In the motion for rehearing appellant insists that, when the county court of Hale county acquired jurisdiction of the parties and subject-matter, it had the power and jurisdiction to issue all necessary process for the enforcement and protection of its jurisdiction, regardless of the amount in controversy. The authorities cited have no bearing upon the issue here. The judgment in the Dallas county justice court is not only final, but it is res judicata of the issues involved, and, although the action was commenced subsequent to the suit in Hale county, the fact that it was prosecuted to judgment, which has become final, makes it possible for the appellant here to plead it as res judicata in the county court of Hale county. Cavers v. Sioux Oil & Refining Co. (Tex. Com. App.) 43 S.W.(2d) 578; Cook v. Burnley, 45 Tex. 97; Cattlemen's Trust Co. v. Blasingame (Tex. Civ. App.) 184 S. W. 574; Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063. The attempt to enjoin the execution of the Dallas county judgment is a collateral attack, and, since that judgment is not void upon its face, the privilege of litigating the matters in Hale county having been successfully contested in Dallas county, and no attempt to reverse the judgment of the justice of the peace on that account having been made, the county court of Hale county had no right to issue the injunction to restrain the collection of the judgment rendered for less than $100, as held in the original opinion.

The motion is overruled.