## DE WITT COUNTY v. HENRY WISCHKEMPER.

### No. 1097. Decided April 24, 1902.

**1.—County Court—Jurisdiction—Injunction.**

The county court has no jurisdiction to issue the writ of injunction except where the amount in controversy exceeds $200 and does not exceed $1000 in value. (P. 437.)

**2.—Same—Opening Road—Reconvention.**

Plaintiff suing in the county court to enjoin the roadmaster from opening what defendant claimed was a public road through his land, without alleging any value to the subject of the suit, did not show jurisdiction in that court to issue the writ; nor was the defect aided by a plea in reconvention filed by the county as defendant, claiming damages in the sum of $500 against plaintiff for stopping up a public road. (Pp. 436, 437.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from De Witt County.

*Geo. J. Schleicher,* for appellants.—The jurisdiction of the county court is limited to the amount in controversy, and unless express authority to try the cause is affirmatively given to said court, resort must be had to the district court. Townes' Texas Pleading, 106-114.

*Kleberg, Grimes & Baker,* for appellee.—The county court has jurisdiction to issue an injunction in any character of case, regardless of subject matter or amount, when the action is purely an injunction proceeding. Const., art. 5, sec. 16; Anderson County v. Kennedy, 58 Texas, 622; Carlisle v. Coffee, 59 Texas, 391; Dean v. State, 31 S. W. Rep., 185; Jackson v. Finly, 40 S. W. Rep., 427; Johnson v. Hanscom, 37 S. W. Rep., 601; Railway v. Blankenbeckler, 35 S. W. Rep., 332; Stein v. Freiberg, 64 Texas, 273; Alexander v. Holt, 59 Texas, 205; Brown v. Young, 2 Posey U. C., 335.

If the jurisdiction of the county court is determined by the amount in controversy, it has jurisdiction of this case because of the reconvention of appellant for damages in the sum of $500. State v. Loan Agency, 81 Texas, 546; Short v. Hepburn, 35 S. W. Rep., 1057; Branch v. Jones, 2 Texas Civ. App., 553.

The county court had jurisdiction because plaintiff's action was to prevent a trespass and injury to property, and was therefore in the nature of an action for damages. Melvin v. Chancey, 28 S. W. Rep., 242; Porter v. Porter, 2 Wills. C. C., sec. 433; Brown v. Brown, 3 Wills. C. C., sec. 82; Williams v. Trent, White & W., C. C., sec. 519.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District has certified to this court the following statement and question:

"The record in the above entitled cause now pending on appeal to this court shows that:

"On April 30, 1901, Henry Wischkemper, the appellee, brought suit in the County Court of De Witt County against A. Dlugosch, as road overseer of the Yorktown and Helena road, to enjoin him from opening up a road for the use of the public over the land of the said Wischkemper. Plaintiff alleged that the said Dlugosch, as road overseer, threatened to and was about to open a road over and across his land and premises upon a certain defined line, claiming that the De Witt County public road, extending from the town of Yorktown, in De Witt County, to the town of Helena, in Karnes County, of which the said Dlugosch was road overseer, was unlawfully obstructed by the plaintiff; and alleged that said road did not extend over the land and premises of plaintiff as claimed by said Dlugosch. The plaintiff further averred, 'If the said Dlugosch is not restrained from so entering upon his (petitioner's) said land that great and irreparable injury will be inflicted upon him, and that in addition, he will be subjected to actual damages which he can not recover by reason of the character in which the said Dlugosch proposes to act and by reason of the fact that the said Dlugosch, he is informed and believes, is insolvent.' Wherefore he sued and prayed for an injunction compelling the said Dlugosch to desist and refrain from entering upon the plaintiff's lands and from removing any earth, fences or improvements, and from injuring the crops growing on the land and from doing any other act to the injury of said premises, and especially from opening any highway or road across said land. A temporary writ of injunction was granted by the county judge in accordance with the prayer of the plaintiff. Dlugosch answered by exception to the jurisdiction of the court, general denial, and special plea as to the capacity in which he was acting, etc. The county of De Witt obtained leave of the court and intervened in the cause on July 1, 1901, pleading also to the jurisdiction, denying generally, and alleging among other things that the road in question was a public road and had been such by dedication and acceptance since the year 1887, pleading specially the facts to show such right in the public. It further alleged that the plaintiff had wrongfully closed up said road and obstructed the same and excluded the public therefrom, to the damage to the county $500, and prayed for the dissolution of the injunction and for damages and costs.

"The cause came to trial before a jury upon the issues of fact, and upon a verdict in favor of the plaintiff judgment was rendered by the court which adjudged and decreed that no public road existed over the land in question and perpetually enjoined and restrained the said A. Dlugosch and De Witt County from entering upon the land and opening a road across same.

"As there is an apparent conflict of decision in some of the cases decided by the several courts of civil appeals and some uncertainty about the decisions of the Supreme Court, as shown by Judge Townes in his discussion of the subject in his work on Texas Pleading (pages 130-138), this court certifies to the Supreme Court for decision upon

the above statement from the record the question of whether or not the County Court of De Witt County had jurisdiction of such cause."

By section 16, article 5, of the Constitution of this State, the jurisdiction of county courts is thus defined: "They shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200 and not exceed $500, exclusive of interest, and concurrent jurisdiction with the district court when the matter in controversy shall exceed $500 and not exceed $1000, exclusive of interest; * * * and the county court or judge thereof shall have power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court." In the cases of Dean v. State, 88 Texas, 296, and Johnson v. Hanscom, 90 Texas, 321, this court held that the power of the county court to issue writs of mandamus under the section of the Constitution above quoted was limited to cases exceeding $200 and not exceeding $1000. The same rule is applicable to writs of injunction, which can only be issued by the county courts where the matter in controversy exceeds $200 and does not exceed $1000 in value. In this case, no value of the subject of the suit is alleged; therefore the application for the writ of injunction does not bring the case within the terms of the Constitution, and the County Court had no jurisdiction to issue the writ of injunction upon the facts stated. The plea in reconvention can not aid the petition on the question of jurisdiction to grant the writ.

Answer to question: We therefore answer that the County Court of De Witt County had no jurisdiction to issue the writ of injunction in this case.