**SHAFFER et al. v. STATE.**

No. 5432.

Court of Civil Appeals of Texas. Texarkana.

Feb. 17, 1938.

C. C. McKinney and E. G. Pharr, both of Cooper, for appellants.

W. H. Crunk, of Cooper, for the State.

HALL, Justice.

On October 23, 1937, appellee, acting by and through the county attorney of Delta county, filed its petition for and obtained a temporary injunction against Earl and Sylvester Shaffer, appellants, "restraining them from selling and possessing whiskey for the purpose of sale, at or on or in said premises, and from permitting or allowing persons to gather and congregate at said premises for the purpose of drinking intoxicating liquors in violation of law, and from keeping and storing intoxicating liquors in and on said premises; as a place where such liquors are sold, kept, bartered, or given away, and consumed on the premises by persons congregated there for said purpose." The prayer was that, after notice and hearing, said injunction be made permanent. The premises named in the order above was the home of appellants under lease to them from Tuck Thomas.

This action was brought in the county court of Delta county, Tex., under authority of the Liquor Control Act, Vernon's Ann.P.C. art. 666—1 et seq., and specially under article 666—29, Penal Code. Delta county was alleged to be dry territory. On November 10, 1937, appellants filed their motion to dissolve the temporary injunction granted against them, alleging as a reason therefor: "That the County Court of Delta County, Texas, has no jurisdiction to issue said injunction nor to compel its

performance, but that the jurisdiction rightfully lies in the District Court."

The sole question involved in this appeal is whether the county court of Delta county had authority under the provision of the Liquor Control Act to grant the temporary injunction, or was this authority lodged in the district court of Delta county. Article 666—29, Penal Code, is: "Any room, building, boat, structure, or place of any kind where liquor is sold, manufactured, bartered, or given away in violation of this Act, or of any rule, or regulation of the Board, or where persons are permitted to resort for the purpose of drinking liquor in violation of the law, or any place where such beverages are kept for sale, barter, or gift in violation of law, and all liquor and all property kept and used in said place, hereby are declared to be a common nuisance and any person who maintains or assists in maintaining such common nuisances, shall be guilty of a violation of this Act. Any county, or district attorney, or the Board, or any agent or employee of this Board in the county where such nuisance exists, or is kept, or maintained, may maintain an action by injunction in the name of the State, or the Board to abate and to temporarily and permanently enjoin such nuisances. Such proceedings shall be guided by the rules of other injunction proceedings, except that the plaintiff shall not be required to give bond in such action and upon final judgment against the defendant the Court shall order that said room, house, building, structure, boat, or place of any kind shall be closed for a period of one year, or closed for a part of said time and until the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety, to be approved by the Court making the order, in the penal sum of not less than One Thousand Dollars ($1,000) payable to the State, and conditioned that liquor will not thereafter be manufactured, possessed, sold, bartered, or given away, or furnished, or otherwise disposed of therein, or kept thereon, or therein, with the intent to sell, barter, or give away, or otherwise dispose of same contrary to law, and that he will pay all fines, costs, and damages assessed against him for any violation of this Act. If any conditions of such bond be violated the whole amount may be recovered as a penalty for the use of the county wherein the premises are situated."

Section 42 of the same article, Vernon's Ann.P.C. art. 666—42, makes it a misdemeanor to keep and maintain such an establishment, and the punishment therefor, in a criminal prosecution, is within the jurisdiction of the county court. It will be observed, however, that section 29 is silent as to the court in which suits for injunction shall or may be filed. Article 5, section 16, of our Constitution, prescribes in detail the jurisdiction of county courts. Among other powers granted is that to issue writs of injunction "necessary to the enforcement of the jurisdiction of said Court." This portion of section 16 has been held to limit the authority of county courts respecting the granting of injunctions to suits in which the amount in controversy exceeds $200 and does not exceed $1,000. Ripple v. McCoury, Tex.Civ. App., 29 S.W.2d 436; Luhning v. Scott, Tex.Civ.App., 201 S.W. 663. Article 5, section 8, Texas Constitution, defines the jurisdiction of district courts and concludes with this recital: "And shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law." The provision of article 666—29, Penal Code, with respect to abatement of a common nuisance, furnishes no guide regarding the amount in controversy so as to fix the jurisdiction in the county court. As said before, there is no "provision of law" contained therein fixing in any court the jurisdiction of the abatement of the common nuisance defined. So, we conclude this cause is embraced within the quoted provision of article 5, section 8, State Constitution, and that the county court of Delta county has no jurisdiction over the subject matter of this suit, same being exclusively within the jurisdiction of the district court of Delta county, Tex.

The judgment of the lower court is reversed, and this cause is ordered dismissed.