EX PARTE PEGGY STEPHENSON BRYANT

No. A-5514. Decided January 4, 1956.
(285 S.W. 2d Series 719)

*Ray Stevens* of Austin, for relator.

*Tom Blackwell,* County Attorney for Travis County for the state.

MR. JUSTICE WILSON delivered the opinion of the Court.

The sole question presented in this original Habeas Corpus proceeding is whether a county court has jurisdiction to enjoin the operation of a bawdy house as a nuisance under Art. 4666, V.A.C.S.

The State contends that under Art. 5, sec. 22, Texas Constitution, the legislature controls the jurisdiction of county courts and that in Art. 4656, V.A.C.S. the legislature has provided that injunctions may be tried in either the district or the county court "according as the amount or matter in controversy comes within the jurisdiction of either of said courts." Therefore, the State contends, that since this case does not have a specific amount in controversy, jurisdiction is determined by the "matter in controversy" which is the operation of a bawdy house. Art. 510, Penal Code, defines a bawdy house, and Art. 514, Penal Code, makes the keeping of a bawdy house a misdemeanor. By Art. 5, sec. 16, Texas Constitution, the county court is given jurisdiction of misdemeanors. From this the State contends that the matter in controversy, i.e., keeping a bawdy house—is within the jurisdiction of the county court and therefore that court has jurisdiction to enjoin the keeping and operation of a bawdy house.

Relator relies principally upon Dean v. State, 88 Texas 290, 30 S.W. 1047, 1048. This was a quo warranto proceeding to try title to an elective office. The court held that "the County Court may issue extraordinary writs, but only when necessary to enforce their jurisdiction; that is to say, they have no jurisdiction over a suit originally brought to enforce a right, as by injunction or mandamus * * * ." On rehearing in 88 Texas 296, 31 S.W. 185 the court concluded that the language quoted just above was in error in that it overlooked an amendment of the Constitution. The original constitutional wording was that a county court could issue mandamus and injunction "and all other writs necessary to the enforcement of the jurisdiction of said courts." In amending the Constitution the word "other" was deleted, and from this the court concluded that the county court has a general jurisdiction to enjoin and not merely in aid of jurisdiction otherwise acquired. The case of Shaffer v. State, Texas Civ. App. 1938, 116 S.W. 2d 875, no writ history, made the same holding contained in the original opinion in the Dean case, i.e., that a county court can enjoin only in aid of its jurisdiction. On this point it is in conflict with the Supreme Court's language on rehearing in 31 S.W. 185.

The Shaffer case also holds that where the same proscribed act (there a liquor violation, here a bawdy house) may be reached by two sanctions (misdemeanor penalties and injunction), it (the proscribed act) is not a "matter in controversy" for injunction jurisdictional purposes, citing DeWitt County v. Wischkemper, 95 Texas 435, 67 S.W. 882.

There is some force to the State's argument and were the question open it might be persuasive. However, the case of De-Witt County v. Wischkemper, supra, clearly holds that there must be a fixed amount in controversy for the county court to have jurisdiction to enjoin. There we said:

"* * * In the cases of Dean v. State, 88 Texas 296, 30 S.W. 1047, 31 S.W. 185, and Johnson v. Hanscom, 90 Texas, 321, 38 S.W. 761, this court held that the power of the county court to issue writs of mandamus under the section of the constitution above quoted was limited to cases exceeding $200 and not exceeding $1,000. The same rule is applicable to writs of injunction, which can only be issued by the county courts where the matter in controversy exceeds $200 and does not exceed $1,000 in value. In this case no value of the subject of the suit is alleged; therefore the application for the writ of injunction does not bring the case within the terms of the constitution, and the county court had no jurisdiction to issue the writ of injunction upon the facts stated. * * * "

As in the above quotation, a number of the statutes and decisions seem to use the phrases "amount in controversy" and "matter in controversy" interchangeably, and not as separate categories.

Since the county court has no jurisdiction, the commitment for contempt is void and relator is discharged.

Opinion delivered January 4, 1956.