Gene MARTIN and Dwight
Harris, Appellants,

v.

VICTORIA INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 13–96–493–CV.

Court of Appeals of Texas,
Corpus Christi.

May 14, 1998.

Rehearing Overruled June 18, 1998.

John Griffin, Jr., Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, for appellants.

Mark C. Rains, Mark C. Rains & Assoc., Victoria, Arturo G. Michel, Philip Delbert Fraissinet, Bracewell & Patterson, Houston, for appellee.

Before DORSEY, YANEZ and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Appellants Gene Martin and Dwight Harris brought suit alleging the Victoria Independent School District violated the Texas Open Meetings Act ("TOMA") by failing to give proper notice of a meeting of public concern and by holding a closed meeting. They also alleged the District violated the Texas Public Information Act [1] ("TPIA") by denying them access to public records. Appellants sought mandamus and injunctive relief in the court below as well as attorney's fees and court costs. The District unsuccessfully challenged the trial court's jurisdiction to hear the lawsuit, which challenge they renew here. Following a trial before the court, the District won a favorable judgment. This appeal ensued. We vacate the judgment below and dismiss for want of jurisdiction.

Harris and Martin are both employed as teachers by the District. Harris has an extensive history of involvement in the teacher's union, having previously served as president of the Victoria Federation of Teachers and, at the time of the events in question, as vice-president and grievance officer. Together, Martin and Harris served on a committee charged with improving labor-management relations at Victoria High School, where they both taught. This committee was the brain-child of Dr. Marvin Fairman, a consultant hired by the District to study and suggest improvements regarding labor relations problems at Victoria High School.

Robert Brezina, the District's superintendent of schools, transferred Harris and Martin from Victoria High School to other positions within the school district. Martin and Harris contend their transfers were the result of their activities on the management committee and, thus, are matters of significant public concern. The transfers were the subject of a front-page story in the *Victoria Advocate*, the regional daily newspaper.

A regularly scheduled meeting of the District's board of trustees was held ten days following Harris's and Martin's transfers. Following a portion of the meeting open to the public, the posted agenda for the meeting noted a closed session of the board. The notice simply stated, in boilerplate terms

---

1. TEX. GOV'T CODE §§ 552.001–.353 (Vernon 1994 & Supp.1998) (formerly, the Texas Open Records Act).

from TOMA, the board would confer with one or more employees and discuss contemplated litigation. No further details were included in the notice regarding the topics to be taken up in closed session. Before the closed session commenced, Harris and Martin, in compliance with TOMA, requested the board not deliberate their reassignments during the closed session. During the closed session, however, the board received a report from Superintendent Brezina, and questioned him regarding the transfers.

Harris and Martin also requested access to the raw data Dr. Fairman relied on when compiling his report to the District. Superintendent Brezina responded by providing a copy of Dr. Fairman's report, but informed appellants that the raw data were not in the District's custody or control and declined to provide them.

In four points of error, appellants challenge the trial court's holding that the District's notice complied with TOMA; that the District's trustees did not deliberate appellants' transfers during closed session; that appellants' request for a public hearing did not limit the board's right to receive reports from its employees and confer with counsel in closed session; and that the additional documents sought by appellants were not under the custody and control of the District. The District renews its challenge to the jurisdiction of the trial court by cross-point.

Before considering the merits of Martin's and Harris's appeal, we first address the District's challenge to the jurisdiction of the trial court and, consequently, this Court. This lawsuit was heard before County Court at Law No. 1 of Victoria County; a statutory county court. TEX. GOV'T CODE ANN. § 25.2371 (Vernon Supp.1998). The District alleges that, as a statutory county court, the trial court was without jurisdiction to hear an original mandamus action or grant a request for injunctive relief brought under TOMA and TPIA. Further, the District complains the pleadings did not allege an amount-in-controversy and, consequently, did not meet the trial court's minimum jurisdictional limit of $500. The District argues attorney's fees and court costs are not generally included in calculating the amount in controversy. As

appellants sought only mandamus and equitable relief below, and TOMA and TPIA permit only recovery of attorney's fees and costs as monetary remedies, the District argues appellants did not plead themselves into the jurisdiction of the statutory county court. *See* TEX. GOV'T CODE ANN. §§ 551.142(b) & 552.323 (Vernon 1994).

■ In Texas, all courts are courts of "limited jurisdiction" in the sense that the court's power to act must derive from a specific constitutional or statutory source. Consequently, a party invoking the power of a court must point to the specific constitutional or statutory provision conferring jurisdiction.

■ Article 5, section 8 of our constitution provides:

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

TEX. CONST. art. 5 § 8. Article 5, section 16 appears to afford county court judges the same power: "[c]ounty court judges shall have the power to issue writs necessary to enforce their jurisdiction." TEX CONST. art. 5 § 16. The legislature reiterated these grants in the government code: "A county judge, in either term time or vacation, may grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari, and supersedeas and all other writs necessary to the enforcement of the court's jurisdiction." TEX. GOV'T CODE ANN § 26.051 (Vernon 1988); *cf.* § 25.0004(a). The supreme court has construed these provisions, with regard to *district* courts, as

giving the substantive power to issue the writs named in all cases when courts of law or equity, under settled rules, would have the power to issue them, *whether they be necessary to enforce some jurisdiction given by the other provisions or not.* This provision is in itself a grant of distinct jurisdiction and powers which do not de-

pend upon the other provisions defining classes of cases or amounts in controversy over which also jurisdiction is given.

*Thorne v. Moore*, 101 Tex. 205, 105 S.W. 985, 986 (1907) (emphasis added); *see Repka v. American Nat'l Ins. Co.*, 143 Tex. 542, 186 S.W.2d 977, 980 (1945). The supreme court made clear, however, the constitution's conferral of general mandamus and equitable powers is limited to *district* courts, as courts of general jurisdiction. *Repka*, 186 S.W.2d at 980. In county courts, constitutional or statutory, there is no general power to issue writs or grant equitable relief. *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 671 (Tex.1995). The power to issue mandamus or equitable relief, as exercised by county courts, must be conferred by a statutory grant; usually the plaintiff must rely on the county court's concurrent jurisdiction and plead an amount in controversy sufficient to trigger the county court's jurisdiction.

In the case at hand, appellants rely on government code section 25.0003 as the basis for the county court's jurisdiction:

> In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in: (1) civil cases in which the matter in controversy exceeds $500 but does not exceed $10,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition; . . . .

TEX. GOV'T CODE ANN. § 25.0003(c) (Vernon Supp.1998).

As the supreme court stated in *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444 (Tex.1996), "to the extent that statutory courts share concurrent jurisdiction with district courts, *nothing in this statute* [the workers compensation retaliation statute] *limits or excludes that concurrent jurisdiction.*" *Id.* at 447. (Emphasis added). The Court reasoned that, absent legislative intent to limit the remedial purpose of the statute, the county court's general grant of concurrent jurisdiction under government code section 25.0003 was sufficient to confer subject matter jurisdiction.

■ TOMA and TPIA do not automatically confer jurisdiction on the county court. As the *Continental Coffee* court stated, "[w]e therefore hold that the trial court had jurisdiction to decide this case, *assuming that the amount in controversy is within the court's monetary limit . . . .*" *Id.* at 448. Thus, where a plaintiff's "money demand or its equivalent is involved wherein the amount in controversy [falls within the jurisdictional limits of the court]", the county court has authority to issue injunctive and mandamus relief. *City of Beaumont v. West*, 484 S.W.2d 789, 793 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.) (citing *Repka*, 186 S.W.2d at 980). Absent such a pleading, in original mandamus and original injunction proceedings, jurisdiction lies in the district court. *Repka*, 186 S.W.2d at 980; *Sterling v. Ferguson*, 122 Tex. 122, 53 S.W.2d 753, 757 (1932). The prevailing rule, then, is that a county court (constitutional or statutory) is powerless to hear an original injunction or mandamus proceeding unless the plaintiff alleges an amount in controversy within the county court's jurisdiction. *Ex parte Bryant*, 155 Tex. 219, 285 S.W.2d 719, 720 (1956); *Super X Drugs, Inc. v. State*, 505 S.W.2d 333, 336 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *Pounds v. Callahan*, 337 S.W.2d 148, 150 (Tex.Civ.App.—Beaumont 1960, no writ).

■ In their original petition, appellants requested they "be awarded both mandamus and injunctive relief as provided for by the Open Meetings Act and the Open Records Act, *as well as attorney's fees and general relief.*" (Emphasis added). Though appellants' primarily requested equitable and mandamus relief, we must also consider this additional prayer for attorney's fees and general relief to determine whether jurisdiction in the county court was proper.

■ Jurisdiction is determined by the pleadings unless facts disclose that a party fraudulently or in bad faith pleaded claims to make it appear there was jurisdiction over the case when there was not. *Brown v. Peters*, 127 Tex. 300, 94 S.W.2d 129, 130 (Tex. Comm'n App.1936). Appellate courts presume jurisdiction is proper unless the lack

of jurisdiction appears affirmatively on the face of the petition. *Taliancich v. Betancourt*, 807 S.W.2d 891, 892 (Tex.App.—Corpus Christi 1991, no writ); *cf. Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 478 (Tex.1993); *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989). Consequently, unspecified damages and imprecisely pleaded elements of recovery are no impediment to jurisdiction, so long as they do not affirmatively demonstrate a lack of jurisdiction. Appellants' failure to specify the dollar value of their damages is not fatal, in and of itself. However, government code section 25.0003(c)(1) excludes attorney's fees and costs in determining the amount in controversy. TEX. GOV'T CODE ANN. § 25.0003(c)(1) (Vernon Supp.1998).

The relief sought by plaintiffs in the trial court was a declaration holding that the District's meeting was violative of the Texas Open Meetings Act and an order, whether by mandamus or injunction, to hold another meeting covering the same subjects but in conformity with the Act. The prayer for costs and attorney's fees was incidental to the real relief sought. We hold appellants failed to plead any elements of an amount in controversy which would give County Court at Law No. 1 of Victoria County jurisdiction, and this failure "appears affirmatively on the face of the petition."[2] Consequently, we hold the judgment below was void for want of jurisdiction and this Court is without jurisdiction to act, other than to sustain the District's cross-point, VACATE the judgment below, and DISMISS for want of jurisdiction.

---

**2.** We note the phrase "on the face of" and its companion "in the body of" are used liberally throughout both statutes and case law without definition or clarification. We see no substantive distinction between these phrases and find they both limit the scope of review to the actual documents in question, and not to exhibits, attached papers, or other extraneous documents. Consequently, when we look to see whether appellants plead an amount in controversy "on the face of the petition", we are limited to reviewing the petition itself and cannot look to other documents before the court.