### In re BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, Relator.

No. 14–99–01210–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 24, 2000.

---

Jeffrey J. Wolf, Fort Worth, Fred A. Simpson, Houston, for relators.

William S. Helfand, Houston, for respondent.

## OPINION

FOWLER, Justice.

Relator, Burlington Northern and Santa Fe Railway Company ("Burlington"), seeks a writ of mandamus directing the Fort Bend County Court at Law No. 3 to vacate its injunction order in the underlying condemnation proceeding. Burlington contends the order is void for failure to

comply with Texas Rule of Civil Procedure 683 and for lack of subject matter jurisdiction. Because we disagree with Burlington on both points, we deny mandamus relief.

## I. BACKGROUND

■ Burlington was the owner of a railway easement in Fort Bend County, Texas. The real party in interest, Fort Bend County ("the County"), initiated condemnation proceedings in the county court to acquire the easement for construction of a railroad crossing into an adjacent housing development. Burlington filed a motion to dismiss claiming the County had no authority to condemn the property under the prior public use doctrine.[1] The county court denied Burlington's motion and appointed special commissioners, who subsequently awarded Burlington $3,099.00 for the value of its easement. After the County deposited the funds into the registry of the court, and after the court accepted the special commissioners' award, Burlington objected to the award on grounds that the compensation was "grossly inadequate" and that the County lacked authority to condemn the property.

While the condemnation proceeding was pending, the County filed an application for injunction to require Burlington "to improve the roadbed within twenty feet of its tracks to an acceptable level" so that the County could complete construction of the railroad crossing. In response, Burlington filed a plea to the jurisdiction requesting a transfer of the injunction proceeding to the district court based on its claim that the amount in controversy exceeded the jurisdictional limits of the county court. At the injunction hearing, the county court denied Burlington's plea to the jurisdiction and granted the County's request for injunctive relief. That same day, the court signed an injunction order commanding Burlington to improve the roadbed.

Burlington subsequently filed this petition for writ of mandamus.[2] Burlington also filed a motion for temporary relief requesting that we enter orders staying the injunction order and restraining the Fort Bend County Clerk from issuing the writ. On the same day that we requested a response to the petition, the county clerk served Burlington with the writ of injunction. We subsequently granted Burlington's amended motion for temporary relief and stayed the injunction order pending consideration of its petition.

## II. LEGAL DISCUSSION

■ Generally, mandamus relief is available if the trial court violates a duty imposed by law or clearly abuses its discretion, either in resolving factual issues or in determining legal issues, when there is no adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Where the trial court's order is void, however, it is unnecessary for the relator to show it pursued other available remedies and mandamus will issue. *See Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973); *see also In re Rollins Leasing, Inc.*, 987 S.W.2d 633, 635 (Tex.App.—Houston [14th Dist.] 1999, orig. proceeding [mand. denied]). Here, Burlington does not claim that the trial court violated a duty or abused its discretion; rather, it claims that

1. An authority seeking to condemn property already devoted to public use may not do so if the effect would be practically to destroy its existing use unless it shows that its intended use is of paramount public importance and that its purpose cannot be otherwise accomplished. *See Sabine & E. Tex. Ry. Co. v. Gulf & I. Ry. Co.*, 92 Tex. 162, 46 S.W. 784, 786 (1894); *see also Fort Worth & Denver Ry. Co. v. City of Houston*, 672 S.W.2d 299, 300–301 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

2. Although Burlington's petition is styled as a "petition for writ of mandamus and or writ of prohibition," we view it solely as a request for mandamus relief. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex.1989); *see also Amanda v. Montgomery*, 877 S.W.2d 482, 485 n. 2 (Tex.App.—Houston [1st. Dist.] orig. proceeding).

the court issued a void order. An order is void only when it is clear that the court entering the order had no jurisdiction over the parties or subject matter, no jurisdiction to enter the order, or no capacity to act as a court. *See State ex rel Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995).

Burlington complains that the injunction order is void in two respects: (1) it did not comply with Texas Rule of Civil Procedure 683; and (2) the court lacked subject matter jurisdiction. As we explain below, the injunction order is not void. First, failure to comply with Rule 683 makes it merely voidable. Second, the court had subject matter jurisdiction over the eminent domain proceedings and issued ancillary injunctive relief to enforce that jurisdiction.

## A. Rule 683 Complaint

■ An injunction order that does not comply with Rule 683 *"is subject to being declared void and dissolved." InterFirst Bank San Felipe N.A. v. Paz Construction Co.*, 715 S.W.2d 640, 641 (Tex.1986) (emphasis added). Because an injunction order that does not comply with Rule 683 is merely voidable, it is subject to review by appeal; it is not subject to a mandamus. *See Ludewig v. Houston Pipeline Co.*, 737 S.W.2d 15, 16 (Tex.App.—Corpus Christi 1987, no writ). Accordingly, to the extent Burlington complains the injunction order does not comply with Rule 683, Burlington has an adequate remedy by appeal.[3] In short, the failure to comply with Rule 683 does not make the order void, and, therefore, does not authorize this Court to issue a mandamus.

## B. Jurisdictional Complaint

■ Burlington also complains that the county court had no authority to grant the injunction because it lacked jurisdiction over the subject matter. As we noted, an order is void when a court has no power or

jurisdiction to render it. *See Urbish v. 127th Judicial District Court*, 708 S.W.2d 429, 431 (Tex.1986). Because Burlington complains of an allegedly void order, Burlington is entitled to mandamus review of that order without having to show that it pursued other available remedies. *See Dikeman*, 490 S.W.2d at 186; *see also In re Rollins Leasing*, 987 S.W.2d at 635. Here, there is no question that the court had jurisdiction over eminent domain proceedings; county courts share that jurisdiction with district courts, *see* TEX. PROP. CODE ANN. § 21.001 (Vernon 1984), and the Fort Bend County Court is to give preference to eminent domain cases. *See*, TEX. GOV'T CODE ANN. § 25.0812 (Vernon Supp.2000). Instead, the question is whether the trial court's jurisdiction over the eminent domain proceedings also gave it jurisdiction to issue the injunction order. Burlington claims that the court did not have authority to issue the injunction because the County did not allege an amount in controversy; according to Burlington, the court has jurisdiction to issue the writ of injunction only with an allegation of an amount in controversy. In response, the County claims that the court had jurisdiction to issue the writ of injunction because it had jurisdiction of the subject matter and the issuance of the injunction was an auxiliary action taken to enforce its jurisdiction in a controversy already lawfully before it.

We agree with the County that the court did have jurisdiction. We explain below, first discussing why the court had jurisdiction, and then addressing Burlington's claims that the court could not issue the writ in spite of its eminent domain jurisdiction.

### 1. Jurisdiction of the County Court.

■ First, as noted, the court had jurisdiction to hear this type of case. Section

---

**3.** If the court's injunction is temporary, Burlington's remedy is by an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp.1999). If the injunction is permanent, Burlington's remedy is by a severance and appeal. *See Brelsford v. Old Bridge Lake Community Service Corp.*, 784 S.W.2d 700, 701 (Tex.App.—Houston [14th Dist.] 1989, no writ).

21.001 of the Texas Property Code provides that "district courts and county courts at law have concurrent jurisdiction in eminent domain cases." TEX. PROP. CODE ANN. § 21.001(Vernon 1984). Section 25.0812 of the Government Code provides that a county court at law in Fort Bend County "is primarily responsible for and shall give preference to eminent domain proceedings and cases." TEX. GOVT. CODE ANN. § 25.0812(b)(2) (Vernon Supp.2000).

Second, under the State Constitution and by statute, the court had authority to issue the injunction. Article 5, section 16 of the Texas Constitution states that "... county court judges shall have the power to issue writs necessary to enforce their jurisdiction." TEX. CONST. Art. 5, § 16. Section 25.0004 of the Texas Government Code states that "a statutory county court or its judge may issue writs of injunction ... and all writs necessary for the enforcement of the jurisdiction of the court." TEX. GOV'T CODE ANN. § 25.0004 (Vernon 1988).[4] Section 65.021 of the Texas Civil Practice and Remedies Code also states that a county court "shall hear and determine applications for writs of injunction." TEX. CIV. PRAC. & REM. CODE ANN. § 65.021(a) (Vernon 1997).

Much has been written on article 5, section 16 with respect to the jurisdiction of county courts to issue injunctions. There are two lines of case—both cited by the parties—which, at first reading, appear to conflict with each other. However, as we explain below with the aid to two old cases, they are not in conflict.

The first line of cases, which begins in the nineteenth century, uses rather broad language in holding that "the power of the county court to issue writs of [injunction] under [article 5, section 16] of the constitution ... [is] limited to cases exceeding $200 and not exceeding $1,000." *See Ex Parte Bryant*, 155 Tex. 219, 285 S.W.2d 719 (1956) (holding that county court can issue a writ of injunction only when the matter in controversy exceeds $200 and does not exceed $1000 in value); *De Witt v. Wischkemper*, 95 Tex. 435–36, 67 S.W. 882–83 (1902) (holding that the power of the county court to issue an injunction under article 5, section 16 was "limited to cases exceeding $200 and not exceeding $1,000," and because suit for injunction did not allege an amount in controversy, county court did not have jurisdiction to issue the injunction); *State v. Hanscom*, 90 Tex. 321, 37 S.W. 601 (1896) ("county court has power to issue writ in any case where mere money demand is involved and the amount of that demand exceeds $200 and does not exceed $1,000."); *Dean v. State*, 88 Tex. 290, 30 S.W. 1047, 1048 (1895) (same); *Martin v. Victoria Independent School Dist.*, 972 S.W.2d 815, 817–819 (Tex.App.—Corpus Christi 1998, writ denied) ("the power to issue mandamus or equitable relief, as exercised by county courts, must be conferred by a statutory grant; usually the plaintiff must rely on the county court's concurrent jurisdiction and plead an amount in controversy sufficient to trigger the county court's jurisdiction."); *Pounds v. Callahan*, 337 S.W.2d 148, 150–51 (Tex.Civ.App.—Beaumont 1960, no writ) (county court lacked jurisdiction to mandamus justice of peace to enter orders in prior suit in the absence of proper appeal or allegation of amount in controversy); *Gottschalk v. Gottschalk*, 212 S.W.2d at 223 (Tex.Civ.App.—Austin 1948, no writ) (county court lacked jurisdiction to issue injunction in suit involving issue of possession of land because the district court had exclusive jurisdiction over this type of case).

■ Each of these cases, however, involved a procedural posture absent from the underlying case: an original petition for injunction that: (1) did not contain a monetary allegation, and/or (2) involve a

---

4. The Fort Bend County Court at Law is a statutory county court. *See* TEX. GOV'T CODE ANN. § 25.0811(3) (Vernon Supp. 2000).

controversy that was not within a county court's subject matter jurisdiction. In short, the injunctions were not being requested as auxiliary, or ancillary relief, but as the main, initial relief. Specifically, in *Dean,* the petition prayed that the county court "issue an extraordinary writ to try title to an elective office." 30 S.W. at 1048.[5] In *De Witt,* the landowner alleged that the county was threatening to take over a private road on his property and petitioned the court to enjoin the county from opening the road for public use. *See* 67 S.W. at 882. In *Bryant,* the petition asked the court to enjoin the operation of a bawdy house. *See* 285 S.W.2d at 719. Finally, in *Martin,* the petition requested injunctive relief against a school district the party alleged was violating the Open Meetings Act. *See* 972 S.W.2d at 816–17. Thus, the lesson from these cases is not, as Burlington argues, that the county court can issue an injunction only when an amount in controversy is alleged. Rather, the lesson is that, in order for a county court to have jurisdiction to issue a writ of injunction based on an original petition for injunction, an amount in controversy must be pled that clothes the county court with jurisdiction to hear the case.[6]

In contrast, in the second line of cases, the courts have generally held that "once [a county court's] jurisdiction is invoked . . ., [it] has jurisdiction to the exclusion of all other courts of the subject matter of the litigation and can enforce such jurisdiction, if necessary, by ancillary injunctive process." *See Repka v. American Nat. Ins. Co.,* 143 Tex. 542, 186 S.W.2d 977, 980–81 (1945) (recognizing that county courts have authority to issue writs of mandamus and injunction in matters with-

in their jurisdiction); *see also Isbell v. Kenyon–Warner Dredging Co.,* 261 S.W. 762, 113 Tex. 528 (1924) (noting that once its jurisdiction was invoked by the petition, the county court could enjoin enforcement of a justice court judgment that interfered with county court's jurisdiction); *City of Beaumont v. West,* 484 S.W.2d 789, 792–93 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.) (recognizing that "once [county court's] jurisdiction is invoked in an eminent domain proceeding, it has jurisdiction to the exclusion of all other courts of the subject matter of the litigation and can enforce such jurisdiction, if necessary, by ancillary injunctive process"); *Jefferson County Drainage Dist. No. 6 v. Gulf Oil Corp.,* 437 S.W.2d 415, 419–20 (Tex.Civ. App.—Beaumont 1969, no writ) (recognizing that once county court's jurisdiction in a condemnation proceeding is invoked, it has full and exclusive jurisdiction to determine all issues involved in the controversy between the parties); *Housing Authority v. Higginbotham,* 143 S.W.2d 95, 96 (Tex. Civ.App.—Dallas 1940, no writ) ("the requisite steps having been taken by appellant in the County Court of Dallas County at Law No. 2 for the condemnation of the properties in question, prior to the filing of the suit for injunction, said County Court acquired sole jurisdiction and was the tribunal competent to hear and determine all questions sought to be litigated in the application for injunction.").

In addition to these cases, we have found two other old cases clearly pointing out that the county court's jurisdiction to issue writs of injunction depends upon its jurisdiction over the controversy, whether that jurisdiction is by subject matter or

---

5. The Texas Supreme Court held that the county court did not have jurisdiction to try this type of case and that only the district court had jurisdiction. *See* 30 S.W. at 1048. In fact, this lack of subject matter jurisdiction kept the county court from having jurisdiction to hear the petition even though the party had pled an amount in controversy within the county court's statutory monetary limits. *See id.*

6. County courts have always had two types of jurisdiction—monetary and subject matter. *See e.g. County of Anderson v. Kennedy,* 58 Tex. 616, 621—623 (1883). As with any court, to clothe a court with the jurisdiction to hear a case, a plaintiff must plead facts showing that the controversy is within the court's jurisdictional parameters. *See id.*

amount in controversy. *See County of Anderson v. Kennedy,* 58 Tex. 616, 623 (1883); *see also Young v. Dudney,* 141 S.W. 116, 119–20 (Tex.Civ.App.—Amarillo 1911, no writ).[7] In *County of Anderson,* the Supreme Court noted that article 5, section 16 restricts the use of writs by a county court "and to make the same apply to the enforcement of such jurisdiction as had been given by a named subject matter or the amount in controversy." *See* 58 Tex. at 623. The *Young* court reached the same conclusion about the county court's jurisdiction, although stating it in the negative:

> [We] are unable to find any authority warranting the court in granting this injunction because of any of the matters and charges contained in the foregoing petition, this being an original proceeding for injunction not ancillary to any suit pending in said court, with no ascertainable amount in controversy, and not relating to any subject-matter over which jurisdiction is by law conferred upon the county court . . . .

*See Young,* 141 S.W. at 119–20.

▮▮▮▮▮▮ In summary, the conclusion to be reached from these cases is that when a county court already has jurisdiction over a controversy, either by the subject matter or amount in controversy, it has exclusive power to dispose of the controversy; this power includes the issuance of injunctions that are related to the controversy. *See id; see also City of Garland v. Mayhew,* 528 S.W.2d 305, 307 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.) (holding that "the county court at law is a court of general jurisdiction in eminent domain matters, and, by necessary implication, this jurisdiction includes the right to try and decide all questions which might arise in such controversies . . . ."). As one law review commentator has stated, "jurisdiction to grant incidental or auxiliary injunction or man-

damus follows that applicable to the main controversy." *See* John A. Hamilton, *Courts—Jurisdiction of District and County Courts of Texas to Issue Injunction and Mandamus,* 12 TEX. LAW REV. 457, 468 (1934). The county court's auxiliary or ancillary jurisdiction includes the right to try and decide all questions which may fairly arise out of, or in connection with, a condemnation suit. *See e.g., Brazos River Conservation and Reclamation Dist. v. Reese,* 146 S.W.2d 519, 524 (Tex. Civ.App.—Eastland 1940, no writ.) (holding that county court had jurisdiction to issue injunction to protect property rights pending the final disposition of condemnation proceedings); *see also* BLACK'S LAW DICTIONARY 855 (7th ed.1999) ("ancillary jurisdiction" refers to "a court's jurisdiction to adjudicate claims and proceedings that arise out of a claim that is properly before the court").

Here, it is undisputed that Burlington properly invoked the jurisdiction of the county court when it filed its objections to the special commissioners' award. Once the county court's jurisdiction was invoked, it had exclusive authority to grant auxiliary or ancillary injunctive relief in aid of its jurisdiction. *See City of Beaumont,* 484 S.W.2d at 793; *see also Jefferson County,* 437 S.W.2d at 419–20; *Higginbotham,* 143 S.W.2d at 96.

## 2. Burlington's Claims that the Court Could Not Issue the Injunction.

▮▮▮▮▮▮ Burlington raises several reasons why it believes the county court is without power to issue the injunction. First, because the injunction requires Burlington to improve the roadbed, Burlington argues the injunction is unrelated to taking of the property and thus, "is not essential to the preservation of [the county court's] jurisdiction." We disagree. The County asserted its right to actual possession for the purpose of constructing the

---

7. Although *County of Anderson* involved the Constitution of 1875, and *Young* involved the Constitution of 1891, the language pertinent to the county courts' authority to issue injunc-

tions has remained the same since the 1875 Constitution. *See County of Anderson,* 58 Tex. at 623; *see also Young,* 141 S.W. at 119–20.

railroad crossing. *See* TEX. PROP. CODE ANN. § 21.021(a) (Vernon 1984); *see also Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 60–61 (Tex.1991). Burlington responded that it alone had the authority by law to do the work and refused to proceed based on its claim that the County was obligated to pay for the work. A condemnor takes actual possession of the property when it invades or appropriates the property. *See Hooks,* 808 S.W.2d at 60–61. A condemnor may be liable for damages to the landowner when the status quo cannot be restored and the landowner is prejudiced by the condemnor's physical possession and use of the property. *See id.* at 61; *see also Murray v. Devco, Ltd.,* 731 S.W.2d 555, 557 (Tex.1987). Accordingly, if the county court ultimately decides that the County lacks authority to condemn the property, it may be liable to Burlington for any injury caused by its possession. *See id.* Because the possession of the property pending the outcome of the condemnation proceeding is a matter clearly within the county court's eminent domain jurisdiction, the county court was authorized to issue the injunction to preserve that jurisdiction.

■ Second, Burlington argues that the injunction order is void because the County failed to plead an amount in controversy within the county court's jurisdictional limits. We have already responded to this argument, noting that this rule applies to an original petition for injunction in a controversy over which the court does not have specific subject matter jurisdiction. The only additional comment we make here is to point out that the reason a litigant must allege an amount in controversy is to initially confer jurisdiction on the county court—a county court's jurisdiction over general matters of civil law is limited to matters involving an amount in controversy between $500 and $100,000.

*See* TEX. GOV'T CODE ANN. § 25.0003(c) (Vernon Supp.2000).[8] However, this case does not involve a general civil matter as contemplated by the Government Code. *See id.* Instead, this case involves a very specific type of case—an eminent domain case. The Legislature has expressly conferred jurisdiction on the Fort Bend County Court at Law to hear eminent domain cases. *See* TEX. PROP. CODE ANN. § 21.001; *see also* TEX. GOV'T CODE ANN. § 25.0812(b)(2). Because the county court already had jurisdiction over the subject matter, the County was not required to allege an amount in controversy in order to obtain injunctive relief. *See Higginbotham,* 143 S.W.2d at 96.

■ Third, pointing to evidence at the injunction hearing that the cost to improve the roadbed exceeds the jurisdictional limits of the county court, Burlington argues that the County is impermissibly attempting to enlarge the county court's jurisdiction under section 21.001 of the Property Code by seeking injunctive relief. This argument disregards the county court's jurisdiction over eminent domain matters and the rule that once the court has jurisdiction in a condemnation proceeding, it has full power to dispose of the issues in the case. *See City Beaumont,* 484 S.W.2d at 792–93. Moreover, it ignores the fact that as to condemnation proceedings, the court's jurisdiction is based on the subject matter, not the amount in controversy. *See* TEX. GOV'T CODE ANN. § 25.0812(b)(2). Finally, it ignores the county court's constitutional and statutory power to issue writs necessary to enforce its jurisdiction. While section 21.001 does not vest the county court with writ power in an eminent domain case, such power is expressly conferred by our State Constitution and by statute. *See* TEX. CONST.

---

8. For example, in another case cited by Burlington, the court could not hear the matter because it was not within the court's monetary limits. *See Nix v. Nix,* 797 S.W.2d 64, 65 (Tex.App.—Corpus Christi 1990, no writ) (county court lacked jurisdiction to enforce property settlement agreement where suit was not a "family law case" and where amount in controversy exceeded the jurisdictional limits of the county court).

art. 5, § 16; TEX. GOV'T CODE ANN. § 25.0004; TEX. CIV. PRAC. & REM. CODE ANN. § 65.021(a).

██ Lastly, Burlington argues the county court violated a duty to transfer the injunction proceeding to the district court under section 21.002 of the Property Code based on the County's failure to plead an amount in controversy within the county court's jurisdictional limits. As we discussed, there was no need for the County to plead an amount in controversy because the county court issued an injunction to enforce its existing jurisdiction in the condemnation action. Furthermore, section 21.002 is a discretionary, not a mandatory, statute that requires the county court at law to transfer "an issue of title or any other matter" to the district court, if the county court determines that it cannot "fully adjudicate" the matter. TEX. PROP. CODE ANN. § 21.002. Because the county court properly exercised its jurisdiction over the condemnation proceeding, the district court had no authority to interfere with that proceeding and the county court therefore did not violate section 21.002. *See City of Garland,* 528 S.W.2d at 307 (district court lacked authority to enjoin ongoing condemnation proceeding in county court, despite property owner's claim that City lacked authority to condemn property); *see also Jefferson County,* 437 S.W.2d at 418–20 (district court lacked authority to enjoin drainage district's use of property, which was the subject of an ongoing condemnation proceeding).

Having concluded that the injunction order is appealable pursuant to a Rule 683 complaint and that the order is not void for lack of subject matter jurisdiction, we deny Burlington's petition for writ of mandamus and lift the stay previously granted by this Court.