Petition for Writ of Mandamus Conditionally Granted; Memorandum Opinion
of June 1, 2006, Withdrawn; and Memorandum Opinion Nunc Pro Tunc issued October
13, 2006








 

Petition
for Writ of Mandamus Conditionally Granted; Memorandum Opinion of June 1, 2006,
Withdrawn; and Memorandum Opinion Nunc Pro Tunc issued October 13, 2006.

 

                                                                              

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01222-CV

____________

 

IN RE DAWN JOHNSON WHATLEY, Relator

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N   N U N C   P R O   T U N C

In this
original proceeding, relator, Dawn Johnson Whatley, seeks a writ
of mandamus ordering the respondent, Honorable Michael James Wood, to vacate
all orders signed while the case was removed to federal court or while a motion
to recuse was pending.  We conditionally grant the writ.








This
case arises from a guardianship proceeding in which Robert Daniel Whatley and
Jeanie Anderson sought appointment of Jeanie Anderson as guardian of the person
and estate of Perry Lee Whatley.  Relator is Perry Whatley=s wife.  The case has been removed to
federal court several times and remanded back to state court.  Relator also has
filed a number of recusal motions.[1]  On September
29, 2005, the trial judge appointed Mylus James Walker as the temporary
guardian of the person and estate of Perry Whatley.  On October 13, 2005, the
trial judge entered an order, reaffirming the appointment of Walker as
temporary guardian.  On December 14, 2005, the trial judge signed an order
appointing Walker as the permanent guardian of the estate of Perry Whatley and
appointing Jeanie Anderson as the permanent guardian of the person of Perry
Whatley.

In this
original proceeding, relator raises several issues.  Relator claims Judge Wood
ignored a mandatory duty to refrain from signing orders while a motion to
recuse was pending, ignored a mandatory duty to refrain from signing orders
after a notice of removal had been filed; and failed to refer a motion to
disqualify. 

Mandamus
relief is generally available if the trial court abuses its discretion, either
in resolving factual issues or in determining legal principles when there is no
other adequate remedy by law.  See Walker v. Packer, 827 S.W.2d 833,
839-40 (Tex. 1992).  A trial court abuses its discretion if Ait reaches a decision so arbitrary
and unreasonable as to amount to a clear and prejudicial error of law.@  Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex.1985).  In most cases, in determining
whether the writ should issue, we must further determine whether the party has
an adequate remedy by appeal.  Id.  However, when a judge continues to
sit in violation of a constitutional proscription, mandamus is available to
compel disqualification without a showing that relator lacks an adequate remedy
by appeal because any orders rendered by a judge who is constitutionally
disqualified are void and without effect.  In re Union Pac. Res. Co.,
969 S.W.2d 427, 428 (Tex. 1998).  








On the
other hand, denial of a motion to recuse is appealable upon final judgment.  Tex. R. Civ. P. 18a(f).  Furthermore,
the supreme court has held that the erroneous denial of a motion to recuse does
not void or nullify the judge=s subsequent acts.  See In re Union Pac. Resources Co.,
969 S.W.2d 427,  428 (Tex. 1998).  However, mandamus is available when a motion
to recuse is filed and the judge refuses either to recuse himself or refer the
motion to the presiding judge.  Winfield v. Daggett, 846 S.W.2d 920, 922
(Tex. App.BHouston [1st Dist.] 1993, orig. proceeding) (found judge violated duty to
recuse himself or refer the motion to recuse and that there was no adequate
remedy by appeal because, by refusing to refer the motion, judge had precluded
relator from developing a record for appeal).  Mandamus relief is also
available without the necessity of showing an adequate remedy by appeal where
the trial court's order is void.  See Dikeman v. Snell, 490 S.W.2d 183,
186 (Tex.1973); In re Burlington Northern and Santa Fe Ry. Co., 12
S.W.3d 891, 894 (Tex. App.BHouston [14th Dist.] 2000, orig. proceeding [mand. denied]).

Disqualification








Relator
complains that the respondent refused to refer the motion to disqualify.[2] 
The record shows that a motion to disqualify, included in a motion to recuse,
was filed on September 9, 2005, by Perry Lee Whatley and joined by relator.  On
September 9, 2005, Presiding Judge King referred the September 9th recusal
motion to Judge Gladys Burwell.  The record contains no ruling on this motion. 
A subsequent recusal motion, also raising disqualification grounds, was filed
on September 12, 2005, by relator.  Although the only options available to
Judge Wood were either to recuse himself or refer the motion, Judge Wood signed
an order denying the motion.  However, the same day, Judge Wood also referred
the motion to Presiding Judge King, who assigned it to Judge Burwell.  On
November 3, 2005, Judge Burwell signed an order expressly denying the September
12, 2005.  The order does not mention the recusal motion filed on September 9,
2005.  

Although
relator=s argument is that the September 9th
disqualification portion of the recusal motion was not referred, we find no
merit to that argument.  The September 9th motion was referred to the Presiding
Judge and was assigned to Judge Burwell.  Because this motion contained both
recusal and disqualification grounds, and the motion was referred to the
Presiding Judge, Judge Wood did not violate his mandatory duty to either recuse
himself or refer the motion.[3] 

The
September 12th motion, though entitled a motion to recuse, also contained
disqualification grounds.  Because Judge Wood referred this motion, which
contained recusal and disqualification grounds, Judge Wood complied with the
mandatory duty to either recuse himself or refer the motion to the presiding
judge.  

Recusal

Relator
claims that Judge Wood improperly issued orders while recusal motions were
pending and while the case was removed to federal court.  State court has no
jurisdiction to issue any rulings while a case is in federal court.  Based on
the record on file, we find that the September 9 and 12, 2005, recusal motions were
filed after the case had been remanded back to state court.  Likewise, Judge
Wood denied and referred both motions while the case was in state court.[4] 









Real
parties claim that the motions to recuse discussed in the petition are tertiary
and thus, the trial court did not act inappropriately.  Section 30.016 of the
Texas Civil Practice and Remedies Code defines a Atertiary recusal motion@ as Aa third or subsequent motion for
recusal or disqualification filed against a district court, statutory probate
court, or statutory county court judge by the same party in a case.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 30.016(a) (Vernon Supp. 2005).  This
statute provides that, a judge who declines to recuse himself after a tertiary
recusal motion is filed, shall comply with the applicable rules of procedure
for recusal and disqualification except that the judge shall continue to
preside over the case, sign orders, and move the case to final disposition as
though the tertiary motion had not been filed.  Id. at ' 30.016(b).  Also, the denial of a
tertiary recusal motion may be reviewed only on appeal from the final
judgment.  Id. at ' 30.016(d).

The
record shows that relator filed a number of recusal motions against Judge Wood. 
The first motion to recuse was filed by relator on August 3, 2005.  The second
recusal motion, filed by relator on August 8, 2005,[5]
is entitled, ADawn Johnson Whatley=s Amended Verified Motion to Recuse Hon. Mike Wood, Judge,
Harris County Probate Court No. 2.@  On September 9, 2005, relator and
Perry Lee Whatley filed a joint motion to disqualify or recuse Judge Wood. 
Finally, on September 12, 2005, relator filed a AFirst Verified@ motion to recuse Judge Wood. 








Because
the August 8th motion was an amended version of the motion filed on August 3rd,
we find that these two motions are not separate and distinct recusal motions
under the statute.  Thus, the August 8th amended motion constitutes the first
recusal motion filed by relator. The September 9th recusal motion, as joined by
relator, constitutes the second motion filed by relator.  The September 12th
motion, filed only by relator and raising slightly different arguments from the
September 9th motion, constitutes the third recusal motion filed by relator.[6] 
Thus, the September 12th motion fits the statutory description of Atertiary.@  Because the September 9th motion
was not a tertiary motion, Judge Wood was prohibited from acting until that
motion was disposed.  The record contains no ruling on the September 9th
motion.  While the September 9th motion and the September 12th motion were
referred to Judge Burwell, her order of November 3rd disposes of only one of
these motions--the September 12th motion.  Because the September 12th motion
was a separate motion, not an amendment of the September 9th motion, Judge
Burwell should have ruled on the September 9th motion.  However, relator has
not sought mandamus relief against Judge Burwell for the failure to rule on the
September 9th motion.  

Nonetheless,
relator has asserted that Judge Wood signed orders while a recusal motion was
pending.  Because the record contains no ruling on the September 9th recusal
motion, that recusal motion is pending.  After the September 9th recusal motion
was filed , Judge Wood signed several orders, including an order appointing
Mylus Walker as temporary guardian for Perry Whatley, an order re-affirming the
appointment of the temporary guardian, and an order appointing Walker as
permanent guardian of the estate of Perry Whatley and appointing Jeanie
Anderson as permanent guardian of the person of Perry Whatley.  








Rule
18a(d) states that a judge shall take no further action and make no further
orders after the filing of a recusal motion, except for good cause stated in
the order.  Tex. R. Civ. P. 18a(d). 
None of the orders signed by Judge Wood after September 9, 2005, states good
cause for taking further action while the recusal motion was pending.  Because the
orders signed by Judge Wood after the filing of the September 9, 2005, recusal
motion violated the Rule 18a(d) prohibition against further trial court action,
these orders are void and of no effect.  See Carson v. McAdams, 908
S.W.2d 228, 228-29 (Tex. App.BHouston [1st Dist.] 1993, orig. proceeding); In re  M.E.H.,
2004 WL 1471092, *2 (Tex. App.BFort Worth July 1, 2004, no pet.).  Consequently, relator
is entitled to mandamus relief.

Relator
additionally claims that Judge Wood issued rulings while the case was removed
to federal court.  The record shows that Judge Wood issued an order on
September 29, 2005, the date the case was removed to federal court.  Realizing
that this order was issued while the case was removed, Judge Wood subsequently
issued another order on October 13, 2005, after the case was remanded back to
state court, in which Judge Wood confirmed the ruling made in the September 29,
2005, order.  We agree with relator that Judge Wood had no jurisdiction to
enter the September 29, 2005, order because, at that time, the case was pending
in federal court.  Accordingly, the September 29, 2005, order is void for this
additional reason.  Our review of the record reveals no other orders issued by
Judge Wood while the case was removed to federal court.

Conclusion

Because the recusal motion filed on
September 9, 2005, remains pending, the orders signed by Judge Wood on
September 29, 2005, October 13, 2005, and December 14, 2005, are void. 
Additionally, the September 29, 2005, order issued by Judge Wood is void
because Judge Wood had no jurisdiction to enter it while the case was removed
to federal court.  We conditionally grant relator=s petition for writ of mandamus in
part.  We are confident Judge Wood will comply with this opinion.  The writ
will issue only in the unlikely event he fails to do so.  

 

 

 

/s/        Charles Seymore

Justice

 

 








Petition
Conditionally Granted and Memorandum Opinion Nunc Pro Tunc filed October 13,
2006.

Panel consists of Justices Hudson,
Frost, and Seymore.









[1]  This is the
second original proceeding filed by relator concerning recusal motions.  See
In re Whatley, 2005 WL 3005730 (Tex. App.BHouston [14th Dist.] Nov. 10, 2005, orig. proceeding).  Relator also
has an appeal pending in this court, challenging the December 14, 2005, order
appointing permanent guardians for Perry Whatley, as well as other rulings by
the trial court.





[2]  Relator has filed a request that we take judicial
notice of a document filed in federal court by Judge Wood in January 2006.  The
document purportedly filed by Judge Wood during removal to federal court is
entitled, ADEFENDANT PROBATE JUDGE MIKE WOOD=S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS OR IN
THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT.@  The motion purportedly seeks dismissal of In this document, Judge
Wood asks the federal district court to dismiss Whatley=s lawsuit against Mylus James Walker for lack of
subject matter jurisdiction, failure to state a claim upon which relief may be
granted, or in the alternative, for a more definite statement.  Real party
Mylus James Walker objects to our taking judicial notice of this filing.  While
relator primarily asks for judicial notice of the document because it contains
statements about the number of recusal motions filed, and this is the basis for
real party=s objection, relator also asks that we consider it in
our review regarding disqualification.  Because this document did not exist
when the motion for disqualification was filed, we cannot consider it.  Thus,
we deny relator=s request that we take judicial notice of the motion
to dismiss.





[3]  Relator does
not challenge Judge Burwell=s failure to
rule on the September 9th motion.  Thus, we do not address this issue or the
grounds for recusal and disqualification asserted in this motion.





[4]  While these
motions were pending before Judge Burwell, the case was removed to federal
court on September 29, 2005, and remanded back to state court on October 6,
2005.  





[5]  Real parties argue that this motion was filed on
August 5, 2005.  The file stamp is not clearly shown on this document; however,
the date of August 8, 2005 is visible and appears to be part of the file
stamp.  





[6]  Real party,
Mylus James Walker, argues that another recusal motion filed on August 8th, an AObjection to and Motion to Recuse Judge Russell
Austin,@ counts as one of the motions supporting a finding
that the September 9th motion is a tertiary one.  We disagree.  This motion
seeks recusal of a different judge, and though Judge Austin is sitting in the
same court as Judge Wood in order to hear the recusal motions against Judge
Wood, we construe the statute to require that in determining whether the
motions are tertiary, we may count only the motions seeking recusal of the same
judge.  Because the August 8th motion and objection sought recusal of Judge
Austin and not Judge Wood, we do not consider it in our determination of
tertiary recusal motions.